**08 CV 3864**

JUDGE BATTS

GORLICK, KRAVITZ & LISTHAUS, P.C.
Michael J. Vollbrecht, Esq. (MV 1118)
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
MVollbrecht@gkllaw.com

RECEIVED
APR 24 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND, and TRAINING PROGRAM FUND, and
JOHN J. VIRGA, in his fiduciary capacity as Director,

                                           Plaintiffs,

        - against -

F.M.C. CONSTRUCTION, LLC,
AURASH CONSTRUCTION CORP.
and GCL CONSTRUCTION CORP.

                                      Defendants.

-------------------------------------------------------------------X

08 Civ.

COMPLAINT

      Plaintiffs MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and JOHN J. VIRGA, in his fiduciary capacity as Director (hereinafter collectively referred to as the "FUNDS"), by and through their attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

      1.    This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension benefit fund, an employee annuity benefit fund and an employee training

program fund, and by the Director of the FUNDS; for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the FUNDS and to remit dues checkoffs and New York Laborers' Political Action Committee and Mason Tenders District Council Political Action Committee (collectively referred to herein as "PAC") contributions deducted from the wages paid employees who authorize said deductions in writing to the Mason Tenders District Council of Greater New York and Long Island (hereinafter referred to as the "UNION"). This Complaint alleges that by failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions to the UNION when due, defendants violated their collective bargaining agreements, and/or the respective trust agreements of the FUNDS, and/or ERISA.

2.      Jurisdiction of this Court is invoked under the following statutes:

a.      Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

b.      Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

c.      28 U.S.C. § 1331 (federal question); and

d.      28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

3.      Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

<u>PARTIES</u>

4.      Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The FUNDS are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The FUNDS are

authorized to maintain suit as independent legal entities under section 502(d) (1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the FUNDS is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the FUNDS pursuant to collective bargaining agreements between employers in the building and construction industry and the UNION. The FUNDS maintain their offices and are administered at 520 Eighth Avenue, Suite 600, New York, New York 10018, in the City, County and State of New York.

5.    Plaintiff Mason Tenders District Council Welfare Fund (hereinafter referred to as "PLAINTIFF"), one of the above-mentioned labor trust funds, is the duly authorized collecting agent for plaintiffs FUNDS. PLAINTIFF also collects the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the New York Laborers' Health and Safety Trust Fund ("NYLHST"), and the Building Contractors Association Industry Advancement Program ("IAP"), as their authorized agent, and remits said contributions to the NYS-LECET, NYLHST, and IAP. In addition, the PLAINTIFF is duly authorized to collect the dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION.

6.    Plaintiff John J. Virga is the Director of the FUNDS and is a fiduciary of the FUNDS within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132). He brings this action in his fiduciary capacity as Director of the FUNDS.

7.    Upon information and belief, at all times material hereto, defendant F.M.C. CONSTRUCTION, LLC (hereinafter referred to as "F.M.C. CONSTRUCTION") was and is a domestic for-profit entity doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

8.    Upon information and belief, defendant F.M.C. CONSTRUCTION was a member of non-party Building Contractors Association (hereinafter "the BCA"); The BCA is the exclusive bargaining agent for all of its members for the purposes of collective bargaining with the UNION. The BCA executed a certain collective bargaining agreement with the UNION (referred to herein as the "the 2001-2006 BCA Agreement") wherein, *inter alia*, defendant F.M.C. CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the

FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2001-2006 BCA Agreement.

9.    The 2001-2006 BCA Agreement provides, in relevant part:

> This Agreement shall become effective and binding upon the parties hereto on the 1st day of July 2001, and shall remain in effect through June 30, 2006, and shall renew from year to year thereafter unless either party hereto shall give written notice to the other of its desire to modify, amend, or terminate this Agreement on its expiration date.

10.    No party to the 2001-2006 BCA Agreement gave notice to the other of a desire to modify, amend, or terminate the 2001-2006 BCA Agreement on its anniversary date.

11.    As of November 1, 2005, defendant F.M.C. CONSTRUCTION's membership in the BCA was terminated.

12.    The 2001-2006 BCA Agreement further provides, in relevant part:

> In such cases of an Employer's withdrawal, resignation, suspension or termination from membership in the BCA, such employers and its principal officer agrees, during the term of this Agreement, to be bound by the terms of the collective bargaining agreement between the Union and independent contractors (referred to hereinafter as the "Independent Agreement") then in effect, which shall supercede any conflicting or lesser provisions.

13.    As such, effective November 1, 2005, defendant F.M.C. CONSTRUCTION was bound by the terms by the terms of the collective bargaining agreement between the UNION and independent contractors then in effect.

14.    As of November 1, 2005, the collective bargaining agreement then in effect between the UNION and independent contractors was the 2005-2008 Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement (referred to herein as the "the 2005-2008 Independent Agreement").

15.    As such, defendant F.M.C. CONSTRUCTION is bound to the terms and conditions of the 2005-2008 Independent Agreement.

16.    Upon information and belief, defendant F.M.C. CONSTRUCTION adopted the binding nature of the 2005-2008 Independent Agreement as applied to the 2001-2006 BCA

Agreement by virtue of paying fringe benefits, dues checkoffs, and PAC contributions due for the post November 1, 2005 period and at rates prescribed under the 2005-2008 Independent Agreement..

17.     The 2001-2006 BCA Agreement further provides, in relevant part:

> If, within the jurisdiction of this Agreement, the Union enters into any agreement with an independent employer performing work set forth in Article IV of this Agreement which provides more favorable terms or conditions of employment to such independent employer when performing work set forth in Article IV than are provided for in this Agreement, then the Union hereby authorizes that upon written notice from the Employer and referencing the job site to which the more favorable terms would apply, such more favorable working conditions, as well as any related terms or conditions that are more favorable to the Union and/or employees, be incorporated in this Agreement specifically with respect to the work being performed by said independent employer.

18.     Upon information and belief, defendant F.M.C. CONSTRUCTION gave notice of a desire to incorporate within the 2001-2006 BCA Agreement the more favorable terms found in the 2000-2003 Mason Tenders District Council Independent Interior Demolition Agreement (referred to herein as the "the 2000-2003 Interior Demolition Agreement"), with respect to remitting benefits for interior demolition work, by virtue of remitting benefits for employees performing interior demolition rates utilizing the more favorable rates as prescribed under the 2000-2003 Interior Demolition Agreement.

19.     As such, defendant F.M.C. CONSTRUCTION is bound by the terms of the 2000-2003 Interior Demolition Agreement, with respect to benefits and wages due and owing for interior demolition work.

20.     The BCA executed a certain collective bargaining agreement with the UNION (referred to herein as the "the 2006-2010 BCA Agreement") with an effective date of July 1, 2006.

21.     The 2006-2010 BCA Agreement provides, in relevant part:

> In such cases of an Employer's withdrawal, resignation, suspension or termination from membership in the BCA, such employers and its principal officer agrees, during the term of this Agreement, to be bound by the terms of the collective bargaining agreement between the Union and independent contractors (referred to hereinafter as the "Independent Agreement") then in effect, which shall supercede any conflicting or lesser provisions.

22.    As of November 1, 2005, the collective bargaining agreement then in effect between the UNION and independent contractors was the 2005-2008 Independent Agreement.

23.    Upon information and belief, defendant F.M.C. CONSTRUCTION adopted the binding nature of the 2005-2008 Independent Agreement as applied to the 2006-2010 BCA Agreement by virtue of paying fringe benefits, dues checkoffs, and PAC contributions due for the post July 1, 2006 period.

24.    The UNION and independent contractors executed the 2005-2008 Demolition Side Letter Agreement, modifying the terms and conditions of employees performing "demolition work," as defined in the 2005-2008 Independent Agreement and the 2005-2008 Demolition Side Letter Agreement.

25.    As such, defendant F.M.C. CONSTRUCTION is bound to the terms and conditions of the 2005-2008 Demolition Side Letter Agreement.

26.    Upon information and belief, defendant F.M.C. CONSTRUCTION adopted the binding nature of the 2005-2008 Demolition Side Letter Agreement as applied to the 2005-2008 Independent Agreement and by extension to the 2001-2006 BCA Agreement and the 2006-2010 BCA Agreement by virtue of paying fringe benefits, dues checkoffs, and PAC contributions due for the post November 1, 2005 period.

27.    The 2006-2010 BCA Agreement provides, in relevant part:

> If, within the jurisdiction of this Agreement, the Union enters into any agreement with an independent employer performing work set forth in Article IV of this Agreement which provides more favorable terms or conditions of employment to such independent employer when performing work set forth in Article IV than are provided for in this Agreement, then the Union hereby authorizes that upon written notice from the Employer and referencing the job site to which the more favorable terms would apply, such more favorable working conditions, as well as any related terms or conditions that are more favorable to the Union and/or employees, be incorporated in this Agreement specifically with respect to the work being performed by said independent employer.

28.    Upon information and belief, defendant F.M.C. CONSTRUCTION gave notice of a desire to incorporate within the 2006-2010 BCA Agreement the more favorable terms found in the 2005-2008 Demolition Side Letter Agreement, with respect to remitting benefits for interior

-6-

demolition work, by virtue of remitting benefits for employees performing interior demolition rates utilizing the more favorable rates as detailed in the 2005-2008 Demolition Side Letter Agreement.

29.    Upon information and belief, defendant F.M.C. CONSTRUCTION gave notice of a desire to incorporate within the 2006-2010 BCA Agreement the more favorable terms found in a collective bargaining agreement entered into between the Interior Demolition Contractors Association and the UNION (referred to herein as "the 2004-2009 Interior Demolition Agreement"), with respect to remitting benefits for interior demolition work, by virtue of remitting benefits for employees performing interior demolition rates utilizing the more favorable rates as prescribed under the 2004-2009 Interior Demolition Agreement.

30.    Upon information and belief, defendant F.M.C. CONSTRUCTION was a member of non-party Environmental Contractors Association, Inc. (hereinafter "the ECA"); The ECA is the exclusive bargaining agent for all of its members for the purposes of collective bargaining with the UNION. The ECA executed a certain collective bargaining agreement with the UNION (referred to herein as the "the 2000-2003 ECA Agreement") wherein, *inter alia*, defendant F.M.C. CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2000-2003 ECA Agreement.

31.    The ECA executed a second certain collective bargaining agreement with the UNION (referred to herein as the "the 2003-2007 ECA Agreement") wherein, *inter alia*, defendant F.M.C. CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2003-2007 ECA Agreement.

32.    Upon information and belief, at all times material hereto, defendant AURASH CONSTRUCTION CORP. (referred to herein as "AURASH CONSTRUCTION") was and is a for-profit domestic corporation company doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

33.    Upon information and belief, defendant AURASH CONSTRUCTION executed a certain collective bargaining agreement with the UNION (the "1999-2002 Independent Agreement") wherein, *inter alia*, defendant AURASH CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 1999-2002 Agreement, for all work performed by defendant AURASH CONSTRUCTION's employees within the trade and geographical jurisdictions of the UNION, and to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant AURASH CONSTRUCTION.

34.    Upon information and belief, defendant AURASH CONSTRUCTION executed the 2000-2003 Interior Demolition Agreement with the UNION, wherein, *inter alia*, defendant AURASH CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2000-2003 Interior Demolition Agreement, for all work performed by defendant AURASH CONSTRUCTION's employees within the trade and geographical jurisdictions of the UNION, and to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant AURASH CONSTRUCTION.

35.    Upon information and belief, defendant AURASH CONSTRUCTION was a member of non-party BCA. The BCA executed the 2001-2006 BCA Agreement wherein, *inter alia*, defendant AURASH CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2001-2006 BCA Agreement.

36.    As of November 1, 2005, defendant AURASH CONSTRUCTION's membership in the BCA was terminated.

37.    As such, effective November 1, 2005, defendant AURASH CONSTRUCTION was bound by the terms by the terms of the 2005-2008 Independent Agreement.

38.    As no party to the 2001-2006 BCA Agreement gave notice to the other of a desire to modify, amend, or terminate the 2001-2006 BCA Agreement on its anniversary date, defendant

AURASH CONSTRUCTION remains bound to the terms and conditions of the 2005-2008 Independent Agreement.

39.     Upon information and belief, defendant GCL CONSTRUCTION CORP. (referred to herein as "GCL CONSTRUCTION") was a member of non-party Associated Brick Mason Contractors of Greater New York, Inc. (hereinafter "the ABMC"); The ABMC is the exclusive bargaining agent for all of its members for the purposes of collective bargaining with the UNION. The ABMC executed a certain collective bargaining agreement with the UNION (referred to herein as the "the 1999-2005 ABMC Agreement") wherein, *inter alia*, defendant GCL CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the GCL CONSTRUCTION.

40.     The ABMC executed a second certain collective bargaining agreement with the UNION (referred to herein as the "the 2005-2008 ABMC Agreement") wherein, *inter alia*, defendant GCL CONSTRUCTION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2005-2008 ABMC Agreement.

41.     Upon information and belief, defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION have been affiliated business enterprises at all times relevant to this action. Upon information and belief, defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION have common ownership and management, share assets, equipment, payroll and employees, and/or have centralized control of labor relations. Upon information and belief, defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION perform work within the trade and geographical jurisdiction of the UNION. Accordingly, defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION constitute an alter ego and/or a single employer for purposes of this action.

42.     Upon information and belief, defendant F.M.C. CONSTRUCTION has an ownership, stock, equitable or managerial interest in defendant AURASH CONSTRUCTION. The 2001-2006 BCA Agreement provides:

> If an Employer covered by this Agreement or owners or principals
> that have a controlling interest in the Employer, forms or acquires by
> purchase, merger or otherwise, a controlling interest, whether by
> ownership, stock, equitable or managerial, in another company
> performing bargaining unit work within this jurisdiction, this
> Agreement shall cover such other operation and the Employer and
> such other bargaining unit employees shall be considered an accretion
> to the bargaining unit.

43.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant AURASH CONSTRUCTION was a party to the 2001-2006 BCA Agreement and therefore is obligated by its terms.

44.    Upon information and belief, defendant AURASH CONSTRUCTION has an ownership, stock, equitable or managerial interest in defendant F.M.C. CONSTRUCTION. Accordingly, by virtue of its relationship with defendant AURASH CONSTRUCTION, defendant F.M.C. CONSTRUCTION was a party to the 2001-2006 BCA Agreement and therefore is obligated by its terms.

45.    Upon information and belief, defendant GCL CONSTRUCTION has an ownership, stock, equitable or managerial interest in defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION. Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION was a party to the 2001-2006 BCA Agreement and therefore is obligated by its terms.

46.    Upon information and belief, defendant F.M.C. CONSTRUCTION and/or any of defendant F.M.C. CONSTRUCTION's owners or principals formed and/or acquired by purchase, merger or otherwise, an interest in defendants AURASH CONSTRUCTION and GCL CONSTRUCTION. The 2001-2006 BCA Agreement provides:

> If the Employer covered by this Agreement, or owners or principals
> that have a controlling interest in the Employer, forms or acquires by
> purchase, merger or otherwise, a controlling interest, whether by
> ownership, stock, equitable or managerial, in another company
> performing bargaining unit work within this jurisdiction, this
> Agreement shall cover such other operation and the Employer and
> such other company shall be jointly and severally liable for each
> other's obligations under this Agreement.

47.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2001-2006 BCA Agreement.

48.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2001-2006 BCA Agreement.

49.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2001-2006 BCA Agreement.

50.    The 2001-2006 BCA Agreement further provides:

> If the Employer or any of the Employer's owners or principals forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in a firm, partnership, corporation or joint venture employing Mason Tenders to perform bargaining unit work as defined in Article IV of this Agreement, said firm, partnership, corporation or joint venture shall be bound by and considered signatory to this Agreement and the Employer shall assume the obligation of such firm, partnership, corporation or joint venture under this Agreement and such firm, partnership, corporation or joint venture shall assume the obligations of the Employer under this Agreement.

51.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2001-2006 BCA Agreement.

52.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2001-2006 BCA Agreement.

53.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2001-2006 BCA Agreement.

54.    The 2006-2010 BCA Agreement provides:

> If an Employer covered by this Agreement or owners or principals that have a controlling interest in the Employer, forms or acquires by purchase, merger or otherwise, a controlling interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and such other bargaining unit employees shall be considered an accretion to the bargaining unit.

55.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant AURASH CONSTRUCTION was a party to the 2006-2010 BCA Agreement and therefore is obligated by its terms.

56.    Accordingly, by virtue of its relationship with defendant AURASH CONSTRUCTION, defendant F.M.C. CONSTRUCTION was a party to the 2006-2010 BCA Agreement and therefore is obligated by its terms.

57.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION was a party to the 2006-2010 BCA Agreement and therefore is obligated by its terms.

58.    The 2006-2010 BCA Agreement further provides:

> If the Employer covered by this Agreement, or owners or principals that have a controlling interest in the Employer, forms or acquires by purchase, merger or otherwise, a controlling interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and such other company shall be jointly and severally liable for each other's obligations under this Agreement.

59.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated

to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2006-2010 BCA Agreement.

60.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2006-2010 BCA Agreement.

61.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F:M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2006-2010 BCA Agreement.

62.    The 2005-2008 Independent Agreement provides:

> If the Employer or any owner or principal maintains, forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and such other bargaining unit employees shall be considered an accretion to the bargaining unit.

63.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant AURASH CONSTRUCTION is a party to the 2005-2008 Independent Agreement and therefore is obligated by its terms.

64.    Accordingly, by virtue of its relationship with defendant AURASH CONSTRUCTION, defendant F.M.C. CONSTRUCTION is a party to the 2005-2008 Independent Agreement and therefore is obligated by its terms.

65.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is a party to the 2005-2008 Independent Agreement and therefore is obligated by its terms.

66.    The 2005-2008 Independent Agreement further provides:

> If the Employer or any owner or principal maintains, forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and

such other bargaining unit employees shall be jointly and severally liable for each other's obligations under this Agreement.

67.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2005-2008 Independent Agreement, and by extension their obligations under the 2005-2008 Interior Demolition Side Letter Agreement and the 2004-2009 Interior Demolition Agreement.

68.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2005-2008 Independent Agreement, and by extension their obligations under the 2005-2008 Interior Demolition Side Letter Agreement and the 2004-2009 Interior Demolition Agreement.

69.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2005-2008 Independent Agreement, and by extension their obligations under the 2005-2008 Interior Demolition Side Letter Agreement and the 2004-2009 Interior Demolition Agreement.

70.    The 2000-2003 Interior Demolition Agreement provides:

> If the Employer or any owner or principal maintains, forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and such other bargaining unit employees shall be jointly and severally liable for each other's obligations under this Agreement. No such affiliated entity shall be established or acquired that does not or cannot legally conduct business in compliance with this provision.

71.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant AURASH CONSTRUCTION is a party to the 2000-2003 Interior Demolition Agreement and therefore is obligated by its terms.

72.    Accordingly, by virtue of its relationship with defendant AURASH CONSTRUCTION, defendant F.M.C. CONSTRUCTION is a party to the 2000-2003 Interior Demolition Agreement and therefore is obligated by its terms.

73.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is a party to the 2000-2003 Interior Demolition Agreement and therefore is obligated by its terms.

74.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2000-2003 Interior Demolition Agreement.

75.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2000-2003 Interior Demolition Agreement.

76.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2000-2003 Interior Demolition Agreement.

77.    The 2000-2003 ECA Agreement provides:

> If any Employer covered by this Agreement, or any of the Employer's owners forms or acquires by purchase, merger or otherwise, an ownership interest in another company performing bargaining unit work within this jurisdiction of this Agreement, this Agreement shall cover such other company, and the employees of such other company performing bargaining unit work shall be considered an accretion to the bargaining unit within the jurisdiction of this Agreement.

78.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant AURASH CONSTRUCTION is a party to the 2000-2003 ECA Agreement and therefore is obligated by its terms.

79.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant GCL CONSTRUCTION is a party to the 2000-2003 ECA Agreement and therefore is obligated by its terms.

80.    The 2000-2003 ECA Agreement further provides:

> If any Employer covered by this Agreement, or any of the Employer's owners forms or acquires by purchase, merger or otherwise, an ownership interest in another company performing bargaining unit work within this jurisdiction of this Agreement, this Agreement shall cover such other company, and the Employer and such other company shall be jointly and severally liable for each other's obligations under this Agreement.

81.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2000-2003 ECA Agreement.

82.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2000-2003 ECA Agreement.

83.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2000-2003 ECA Agreement.

84.    The 2003-2007 ECA Agreement provides:

> If any Employer covered by this Agreement, or any of the Employer's owners forms or acquires by purchase, merger or otherwise, an ownership interest in another company performing bargaining unit work within this jurisdiction of this Agreement, this Agreement shall cover such other company, and the employees of such other company performing bargaining unit work shall be considered an accretion to the bargaining unit within the jurisdiction of this Agreement.

85.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant AURASH CONSTRUCTION is a party to the 2003-2007 ECA Agreement and therefore is obligated by its terms.

86.    Accordingly, by virtue of its relationship with defendant F.M.C. CONSTRUCTION, defendant GCL CONSTRUCTION is a party to the 2003-2007 ECA Agreement and therefore is obligated by its terms.

87.    The 2003-2007 ECA Agreement further provides:

> If any Employer covered by this Agreement, or any of the Employer's owners forms or acquires by purchase, merger or otherwise, an ownership interest in another company performing bargaining unit work within this jurisdiction of this Agreement, this Agreement shall cover such other company, and the Employer and such other company shall be jointly and severally liable for each other's obligations under this Agreement.

88.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2003-2007 ECA Agreement.

89.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2003-2007 ECA Agreement.

90.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2003-2007 ECA Agreement.

91.    The 1999-2005 ABMC Agreement provides:

> If any Employer covered by this Agreement or any of the Employer's owners forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other company, and the Employer and such other company shall be

jointly and severally liable for each other's obligations under this
Agreement.

92.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION
and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the
obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the
1999-2005 ABMC Agreement.

93.    Accordingly, by virtue of its relationship with defendants AURASH
CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated
to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION
under the 1999-2005 ABMC Agreement.

94.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION
and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the
obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 1999-
2005 ABMC Agreement.

95.    The 1999-2005 ABMC Agreement further provides:

> If the Employer or any of the Employer's owners or principals forms
> or acquires by purchase, merger or otherwise, an interest, whether by
> ownership, stock, equitable or managerial, in a firm, partnership,
> corporation or joint venture employing Mason Tenders to perform
> bargaining unit work as defined in Article IV of this Agreement, said
> firm, partnership, corporation or joint venture shall be bound by and
> considered signatory to this Agreement and the Employer shall
> assume the obligation of such firm, partnership, corporation or joint
> venture under this Agreement and such firm, partnership, corporation
> or joint venture shall assume the obligations of the Employer under
> this Agreement.

96.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION
and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the
obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the
1999-2005 ABMC Agreement.

97.    Accordingly, by virtue of its relationship with defendants AURASH
CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated

to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 1999-2005 ABMC Agreement.

98.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 1999-2005 ABMC Agreement.

99.    The 2005-2008 ABMC Agreement provides:

> If any Employer covered by this Agreement or any of the Employer's owners forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other company, and the Employer and such other company shall be jointly and severally liable for each other's obligations under this Agreement.

100.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2005-2008 ABMC Agreement.

101.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2005-2008 ABMC Agreement.

102.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2005-2008 ABMC Agreement.

103.    The 2005-2008 ABMC Agreement further provides:

> If the Employer or any of the Employer's owners or principals forms or acquires by purchase, merger or otherwise, an interest, whether by ownership, stock, equitable or managerial, in a firm, partnership, corporation or joint venture employing Mason Tenders to perform bargaining unit work as defined in Article IV of this Agreement, said

firm, partnership, corporation or joint venture shall be bound by and considered signatory to this Agreement and the Employer shall assume the obligation of such firm, partnership, corporation or joint venture under this Agreement and such firm, partnership, corporation or joint venture shall assume the obligations of the Employer under this Agreement.

104.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION, defendant GCL CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and AURASH CONSTRUCTION under the 2005-2008 ABMC Agreement.

105.    Accordingly, by virtue of its relationship with defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, defendant F.M.C. CONSTRUCTION is obligated to assume the obligations of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION under the 2005-2008 ABMC Agreement.

106.    Accordingly, by virtue of its relationship with defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, defendant AURASH CONSTRUCTION is obligated to assume the obligations of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION under the 2005-2008 ABMC Agreement.

### AS AND FOR A FIRST CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT AURASH CONSTRUCTION)

107.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 106 of this Complaint, as if fully set forth herein.

108.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement there became due and owing to PLAINTIFF, as the duly authorized

collecting agent, the amount of $225,929.72 as and for fringe benefit contributions based on a partial audit for the period May 1, 2003 through February 27, 2006.

109.    No part of the fringe benefit contributions contractually due the PLAINTIFF has been paid by defendant AURASH CONSTRUCTION, although all fringe benefit contributions have been duly demanded, and PLAINTIFF as the duly authorized collecting agent, has been damaged in the amount of $225,929.72.

110.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which defendant AURASH CONSTRUCTION and PLAINTIFF are third-party beneficiaries and constitutes a violation of the 1999-2002 Independent Agreement and the 2000-2003 Interior Demolition Agreement, with respect to which defendant AURASH CONSTRUCTION is a party to and PLAINTIFF is a third-party beneficiary.

111.    Accordingly, defendant AURASH CONSTRUCTION is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in the amount of $225,929.72 due based on an audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant F.M.C. CONSTRUCTION's books and records for the period May 1, 2003 through the present.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

112.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 111 of this Complaint, as if fully set forth herein.

113.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-

2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, the amount of $225,929.72 as and for fringe benefit contributions for the period May 1, 2003 through February 27, 2006.

114.    No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant F.M.C. CONSTRUCTION, although all fringe benefit contributions have been duly demanded, and PLAINTIFF has been damaged in the amount of $225,929.72.

115.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

116.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in  the amount of $225,929.72 based on a partial audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to the present.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

117.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 116 of this Complaint, as if fully set forth herein.

118.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, the amount of $225,929.72 as and for fringe benefit contributions  for the period May 1, 2003 through February 27, 2006.

119.    No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant GCL CONSTRUCTION, although all fringe benefit contributions have been duly demanded, and PLAINTIFF has been damaged in the amount of $225,929.72.

120.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

121.    Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the

duly authorized collecting agent, as and for fringe benefit contributions in the amount of $225,929.72 based on a partial audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to the present.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

122.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 121 of this Complaint, as if fully set forth herein.

123.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for fringe benefit contributions for the period May 1, 2003 through the present.

124.    Upon information and belief, fringe benefit contributions contractually due to PLAINTIFF has not been paid by defendant F.M.C. CONSTRUCTION, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in an amount to be determined by the audit.

125.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to the PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which the PLAINTIFF is a third-party beneficiary.

126.    Accordingly, defendant F.M.C. CONSTRUCTION is liable to the PLAINTIFF, as the duly authorized collecting agent, for any and all fringe benefit contributions which may be found due and owing to PLAINTIFF pursuant to a completed audit of defendant F.M.C. CONSTRUCTION's books and records.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

127.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 126 of this Complaint, as if fully set forth herein.

128.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant AURASH CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for fringe benefit contributions for the period May 1, 2003 through the present.

129.    Upon information and belief, fringe benefit contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant AURASH CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the completed audit.

130.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-

2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

131.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all fringe benefit contributions which may be found due and owing to PLAINTIFF pursuant to the completed audit of defendant F.M.C. CONSTRUCTION's books and records.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)**

132.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 131 of this Complaint, as if fully set forth herein.

133.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for fringe benefit contributions for the period May 1, 2003 through the present.

134.    Upon information and belief, fringe benefit contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant GCL CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the completed audit.

135.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

136.    Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all fringe benefit contributions which may be found due and owing to PLAINTIFF pursuant to the completed audit of defendant F.M.C. CONSTRUCTION's books and records.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT GCL CONSTRUCTION)

137.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 136 of this Complaint, as if fully set forth herein.

138.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION an amount to be determined by an audit of the books and

records of defendant GCL CONSTRUCTION as and for fringe benefit contributions for the period May 1, 2003 through the present.

139.   Upon information and belief, fringe benefit contributions contractually due to PLAINTIFF has not been paid by defendant GCL CONSTRUCTION, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in an amount to be determined by the audit.

140.   The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to the PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

141.   Accordingly, defendant GCL CONSTRUCTION is liable to the PLAINTIFF, as the duly authorized collecting agent, for any and all fringe benefit contributions which may be found due and owing to PLAINTIFF pursuant to an audit of defendant GCL CONSTRUCTION's books and records.

<u>AS AND FOR AN EIGHTH CLAIM FOR RELIEF</u>

(PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

142.   PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 141 of this Complaint, as if fully set forth herein.

143.   As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant GCL CONSTRUCTION, an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for fringe benefit contributions for the period May 1, 2003 through the present.

144.   Upon information and belief, fringe benefit contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant F.M.C.

CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the audit.

145.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

146.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all fringe benefit contributions which may be found due and owing to PLAINTIFF pursuant to the audit of defendant GCL CONSTRUCTION's books and records.

## AS AND FOR A NINTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

147.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 146 of this Complaint, as if fully set forth herein.

148.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant AURASH CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant GCL CONSTRUCTION, an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for fringe benefit contributions for the period May 1, 2003 through the present.

149.    Upon information and belief, fringe benefit contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant AURASH

CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the audit.

150.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

151.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all fringe benefit contributions which may be found due and owing to PLAINTIFF pursuant to the audit of defendant GCL CONSTRUCTION's books and records.

## AS AND FOR A TENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

152.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 151 of this Complaint, as if fully set forth herein.

153.    Pursuant to the terms of the 2005-2008 Independent Agreement, if defendant F.M.C. CONSTRUCTION does not make payments of fringe benefit contributions or remit dues checkoffs or PAC contributions within seven (7) days of the due dates, the Employer is liable for interest on the amount owed from the close of the day the payment was due to the date when payment was actually made as and for liquidated damages.

154.    Pursuant to the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, defendant F.M.C. CONSTRUCTION agreed to be bound by all of the terms

and conditions of the Trust Agreement creating plaintiffs FUNDS, and any rules, regulations or By-Laws adopted by the Trustees of plaintiffs FUNDS to regulate plaintiffs FUNDS.

155.    Pursuant to the Reaffirmation and Restatements of the Agreements and Declarations of Trust of the respective FUNDS and plaintiff FUNDS' rules and regulations, if an Employer does not make payments of fringe benefit contributions or remit dues checkoffs or PAC contributions within seven (7) days of the due dates, the Employer is liable for interest on the amount owed from the close of the day the payment was due to the date when payment was actually made as and for liquidated damages.

156.    Defendant F.M.C. CONSTRUCTION failed to remit at least $125,230.46 in combined fringe benefit, dues checkoffs, and PAC contributions to PLAINTIFF within seven (7) days of the respective due dates said benefits were due, for the partially audited period of May 1, 2003 through February 27, 2006.

157.    Said benefits were remitted by payments received on April 4, 2008 and April 10, 2008.

158.    Defendant F.M.C. CONSTRUCTION is obligated to pay interest on late payments of fringe benefit, dues checkoffs, and PAC contributions in the amount of $41,547.14 on late payments of fringe benefit, dues checkoffs, and PAC contributions for the partially audited period of May 1, 2003 through February 27, 2006.

159.    No part of the interest on late payments of fringe benefit, dues checkoffs, and PAC contributions due PLAINTIFF, as the duly authorized collecting agent of plaintiffs FUNDS, has been paid by defendant F.M.C. CONSTRUCTION, and PLAINTIFF has been damaged in the amount of $41,547.14.

160.    The failure, refusal, or neglect of defendant F.M.C. CONSTRUCTION to make the interest payments on late payments of fringe benefit, dues checkoffs, and PAC contributions to the PLAINTIFF constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

161.    Accordingly, defendant F.M.C. CONSTRUCTION is liable to PLAINTIFF, as a duly authorized collecting agent of plaintiffs FUNDS, as and for interest in the amount of $41,547.14 in late payments of fringe benefit, dues checkoffs, and PAC contributions for the partially audited period of May 1, 2003 through February 27, 2006.

## AS AND FOR AN ELEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT BY ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

162.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 161 of this Complaint, as if fully set forth herein.

163.    Upon information and belief, at all times material hereto, defendant AURASH CONSTRUCTION, by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, failed to pay or timely pay to PLAINTIFF, as the duly authorized collecting agent, at least $125,230.46 in combined fringe benefit, dues checkoffs, and PAC contributions to PLAINTIFF within seven (7) days of the respective due dates said benefits were due, for the partially audited period of May 1, 2003 through February 27, 2006.

164.    As such, defendant AURASH CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, is obligated to pay interest on late payments of fringe benefit, dues checkoffs, and PAC contributions in the amount of $41,547.14 on late payments of fringe benefit, dues checkoffs, and PAC contributions for the partially audited period of May 1, 2003 through February 27, 2006.

165.    No part of the interest on late payments of fringe benefit, dues checkoffs, and PAC contributions due PLAINTIFF, as the duly authorized collecting agent of plaintiffs FUNDS, has been

paid by defendant AURASH CONSTRUCTION, and PLAINTIFF has been damaged in the amount of $41,547.14.

166.    The failure, refusal, or neglect of defendant AURASH CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, to make the interest payments on late payments of fringe benefit, dues checkoffs, and PAC contributions to the PLAINTIFF constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

167.    Accordingly, defendant AURASH CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, is liable to PLAINTIFF, as the duly authorized collecting agent, as and for interest in the amount of $41,547.14 in late payments of fringe benefit, dues checkoffs, and PAC contributions for the partially audited period of May 1, 2003 through February 27, 2006.

## AS AND FOR A TWELFTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION
FOR BREACH OF CONTRACT BY
ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

168.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 167 of this Complaint, as if fully set forth herein.

169.    Upon information and belief, at all times material hereto, defendant GCL CONSTRUCTION, by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the

2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, failed to pay or timely pay to PLAINTIFF, as the duly authorized collecting agent, at least $125,230.46 in combined fringe benefit, dues checkoffs, and PAC contributions to PLAINTIFF within seven (7) days of the respective due dates said benefits were due, for the partially audited period of May 1, 2003 through February 27, 2006.

170.    As such, defendant GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, is obligated to pay interest on late payments of fringe benefit contributions in the amount of $41,547.14 on late payments of fringe benefit, dues checkoffs, and PAC contributions for the partially audited period of May 1, 2003 through February 27, 2006.

171.    No part of the interest on late payments of fringe benefit contributions due PLAINTIFF, as the duly authorized collecting agent of plaintiffs FUNDS, has been paid by defendant GCL CONSTRUCTION, and PLAINTIFF has been damaged in the amount of $41,547.14.

172.    The failure, refusal, or neglect of defendant GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, to make the interest payments on late payments of fringe benefit contributions to the PLAINTIFF constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

173.    Accordingly, defendant GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, is liable to PLAINTIFF, as the duly authorized collecting agent, as and for interest in the amount of $41,547.14 in late

payments of fringe benefit, dues checkoffs, and PAC contributions for the partially audited period of May 1, 2003 through February 27, 2006.

## AS AND FOR A THIRTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT F.M.C. CONSTRUCTION)

174.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 173 of this Complaint, as if fully set forth herein.

175.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

176.    Upon information and belief, at all times material hereto, defendant F.M.C. CONSTRUCTION failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

177.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

178.    Accordingly, defendant F.M.C. CONSTRUCTION is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

<u>AS AND FOR A FOURTEENTH CLAIM FOR RELIEF</u>

(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR
ERISA OBLIGATIONS CONTRACTUALLY DUE
FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT
F.M.C. CONSTRUCTION)

179.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 178 of this Complaint, as if fully set forth herein.

180.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

181.    Upon information and belief, at all times material hereto, defendant AURASH CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 1999-2005 ECA Agreement, the 2005-2008 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

182.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

183.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 1999-2005 ECA Agreement, the 2005-2008 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single

employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A FIFTEENTH CLAIM FOR RELIEF

(PLAINTIFF'S  CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR
ERISA OBLIGATIONS CONTRACTUALLY DUE
FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT
F.M.C. CONSTRUCTION)

184.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 183 of this Complaint, as if fully set forth herein.

185.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

186.    Upon information and belief, at all times material hereto, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 1999-2005 ECA Agreement, the 2005-2008 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION.  Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

187.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set

forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

188.     Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 1999-2005 ECA Agreement, the 2005-2008 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A SIXTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT AURASH CONSTRUCTION)

189.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 188 of this Complaint, as if fully set forth herein.

190.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

191.     Upon information and belief, at all times material hereto, defendant AURASH CONSTRUCTION failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant AURASH CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

192.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid

principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

193.    Accordingly, defendant AURASH CONSTRUCTION is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A SEVENTEENTH CLAIM FOR RELIEF

(PLAINTIFF'S  CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR
ERISA OBLIGATIONS CONTRACTUALLY DUE
FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT
AURASH CONSTRUCTION)

194.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 193 of this Complaint, as if fully set forth herein.

195.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

196.    Upon information and belief, at all times material hereto, defendant F.M.C. CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant AURASH CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

197.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

198.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR AN EIGHTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

199.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 198 of this Complaint, as if fully set forth herein.

200.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

201.    Upon information and belief, at all times material hereto, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009

Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant AURASH CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

202.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

203.    Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A NINETEENTH CLAIM FOR RELIEF
### (PLAINTIFF'S  CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT GCL CONSTRUCTION)

204.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 203 of this Complaint, as if fully set forth herein.

205.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

206.    Upon information and belief, at all times material hereto, defendant GCL CONSTRUCTION failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant GCL CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

207.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

208.    Accordingly, defendant GCL CONSTRUCTION is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A TWENTIETH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

209.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 208 of this Complaint, as if fully set forth herein.

210.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

211.    Upon information and belief, at all times material hereto, defendant F.M.C. CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, as an alter ego and/or as a single employer with defendant GCL CONSTRUCTION, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant GCL CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

212.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

213.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, as an alter ego and/or as a single employer with defendant GCL CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A TWENTY-FIRST CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

214.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 213 of this Complaint, as if fully set forth herein.

215.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

216.    Upon information and belief, at all times material hereto, defendant AURASH CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, as an alter ego and/or as a single employer with defendant GCL CONSTRUCTION, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant GCL CONSTRUCTION. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

217.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

218.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, as an alter ego and/or as a single employer with defendant GCL CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A TWENTY-SECOND CLAIM FOR RELIEF

(FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS
ALTER EGO AND/OR SINGLE EMPLOYER F.M.C. CONSTRUCTION, AURASH
CONSTRUCTION, AND GCL CONSTRUCTION TO PERMIT AN AUDIT OF THEIR
BOOKS AND RECORDS)

219.    Plaintiffs FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 218 of this Complaint, as if fully set forth herein.

220.    Pursuant to the terms and conditions of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 1999-2005 ECA

Agreement, the 2005-2008 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, the 1999-2005 ABMC Agreement, the 2005-2008 ABMC Agreement, and the 2004-2009 Interior Demolition Agreement, defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION are required, respectively, *inter alia*, to file certain employer contribution reports with plaintiffs FUNDS, and are further required to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of audits of defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION' books and records, respectively, including, but not limited to, all payroll sheets, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B (NY), WR#30 (NJ), Federal tax forms W2, W3, 940, 941, 1099, 1096, 1120s/1120S and 1040 Schedule C, New York State Employment Reports, Insurance F.M.C. CONSTRUCTION Reports and supporting checks, general ledgers, ledgers, vouchers, verification of work outside of the geographical jurisdiction of the UNION, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related F.M.C. CONSTRUCTION of the Employer doing bargaining unit work, for the purpose of ascertaining the amount of fringe benefit contributions due PLAINTIFF, as the duly authorized collecting agent, from defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, and verifying the accuracy of the employer contribution reports filed by defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively.

221.    Upon information and belief, defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION have failed to permit and/or cooperate in the conduct of audits.

222.    Accordingly, pursuant to the terms and conditions of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 1999-2005 ECA Agreement, the 2005-2008 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, the 1999-

2005 ABMC Agreement, the 2005-2008 ABMC Agreement, and the 2004-2009 Interior Demolition Agreement, plaintiffs FUNDS demand an order directing defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of an audit of defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION's books and records for the period May 1, 2003 through the present.

## AS AND FOR A TWENTY-THIRD CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT AURASH CONSTRUCTION)

223.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 222 of this Complaint, as if fully set forth herein.

224.    Pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, defendant AURASH CONSTRUCTION, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant AURASH CONSTRUCTION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

225.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement there became due and owing to PLAINTIFF, as the duly authorized collecting agent, the amount of $17,434.15 as and for dues checkoffs contributions based on a partial audit for the period May 1, 2003 through February 27, 2006.

226.    No part of the dues checkoffs contributions contractually due the PLAINTIFF has been paid by defendant AURASH CONSTRUCTION, although all fringe benefit contributions

have been duly demanded, and PLAINTIFF as the duly authorized collecting agent, has been damaged in the amount of $17,434.15.

227.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreements, with respect to which defendant AURASH CONSTRUCTION and PLAINTIFF are third-party beneficiaries and constitutes a violation of the 1999-2002 Independent Agreement and the 2000-2003 Interior Demolition Agreement, with respect to which defendant AURASH CONSTRUCTION is a party to and PLAINTIFF is a third-party beneficiary.

228.    Accordingly, defendant AURASH CONSTRUCTION is liable to PLAINTIFF, as the duly authorized collecting agent, as and for dues checkoffs contributions in the amount of $17,434.15 due based on an audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant F.M.C. CONSTRUCTION's books and records for the period May 1, 2003 through the present.

## AS AND FOR A TWENTY-FOURTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION
FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM
ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

229.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 228 of this Complaint, as if fully set forth herein.

230.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION, as an alter ego and/or as a

single employer with defendant AURASH CONSTRUCTION, the amount of $17,434.15 as and for dues checkoffs contributions for the period May 1, 2003 through February 27, 2006.

231.    No part of the dues checkoffs contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant F.M.C. CONSTRUCTION, although all dues checkoffs contributions have been duly demanded, and PLAINTIFF has been damaged in the amount of $17,434.15.

232.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

233.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, as and for dues checkoffs contributions in the amount of $17,434.15 based on a partial audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to the present.

### AS AND FOR A TWENTY-FIFTH CLAIM FOR RELIEF

(PLAINTIFF'S  CLAIM AGAINST DEFENDANT GCL CONSTRUCTION
FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM
ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

234.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 233 of this Complaint, as if fully set forth herein.

235.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA

Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, the amount of $17,434.15 as and for dues checkoffs contributions for the period May 1, 2003 through February 27, 2006.

236.    No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant GCL CONSTRUCTION, although all dues checkoffs contributions have been duly demanded, and PLAINTIFF has been damaged in the amount of $17,434.15.

237.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

238.    Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, as and for dues checkoffs contributions in the amount of $17,434.15 based on a partial audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to the present.

## AS AND FOR A TWENTY-SIXTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

239.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 238 of this Complaint, as if fully set forth herein.

240.    Pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, defendant F.M.C. CONSTRUCTION INC., *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant F.M.C. CONSTRUCTION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

241.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for dues checkoffs contributions for the period May 1, 2003 through the present.

242.    Upon information and belief, dues checkoffs contributions contractually due to PLAINTIFF has not been paid by defendant F.M.C. CONSTRUCTION, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in an amount to be determined by the audit.

243.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to the PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the

2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

244.    Accordingly, defendant F.M.C. CONSTRUCTION is liable to the PLAINTIFF, as the duly authorized collecting agent, for any and all dues checkoffs contributions which may be found due and owing to PLAINTIFF pursuant to a completed audit of defendant F.M.C. CONSTRUCTION's books and records.

## AS AND FOR A TWENTY-SEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

245.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 244 of this Complaint, as if fully set forth herein.

246.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant AURASH CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for dues checkoffs contributions for the period May 1, 2003 through the present.

247.    Upon information and belief, dues checkoffs contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant AURASH CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the completed audit.

248.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

249.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all dues checkoffs contributions which may be found due and owing to PLAINTIFF pursuant to the completed audit of defendant F.M.C. CONSTRUCTION's books and records.

## AS AND FOR A TWENTY-EIGHTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

250.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 249 of this Complaint, as if fully set forth herein.

251.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION, as an alter ego, joint venture, and/or single employer with

defendant F.M.C. CONSTRUCTION, an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for dues checkoffs contributions for the period May 1, 2003 through the present.

252.    Upon information and belief, dues checkoffs contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant GCL CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the completed audit.

253.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

254.    Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all dues checkoffs contributions which may be found due and owing to PLAINTIFF pursuant to the completed audit of defendant F.M.C. CONSTRUCTION's books and records.

### AS AND FOR A TWENTY-NINTH CLAIM FOR RELIEF

#### (PLAINTIFF'S CLAIM FOR BREACH OF
CONTRACT BY DEFENDANT GCL CONSTRUCTION)

255.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 254 of this Complaint, as if fully set forth herein.

256.    Pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, defendant GCL CONSTRUCTION, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant GCL CONSTRUCTION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

257.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for dues checkoffs contributions for the period May 1, 2003 through the present.

258.    Upon information and belief, dues checkoffs contributions contractually due to PLAINTIFF has not been paid by defendant GCL CONSTRUCTION, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in an amount to be determined by the audit.

259.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to the PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

260.    Accordingly, defendant GCL CONSTRUCTION is liable to the PLAINTIFF, as the duly authorized collecting agent, for any and all dues checkoffs contributions which may be found due and owing to PLAINTIFF pursuant to an audit of defendant GCL CONSTRUCTION's books and records.


## AS AND FOR AN THIRTIETH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

261.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 260 of this Complaint, as if fully set forth herein.

262.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant GCL CONSTRUCTION, an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for dues checkoffs contributions for the period May 1, 2003 through the present.

263.    Upon information and belief, dues checkoffs contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant F.M.C. CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the audit.

264.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

265.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, and  the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all dues checkoffs contributions which may be found due and owing to PLAINTIFF pursuant to the audit of defendant GCL CONSTRUCTION's books and records.

## AS AND FOR A THIRTY-FIRST CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

266.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 265 of this Complaint, as if fully set forth herein.

267.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC

Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant AURASH CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant GCL CONSTRUCTION, an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for dues checkoffs contributions for the period May 1, 2003 through the present.

268.    Upon information and belief, dues checkoffs contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant AURASH CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the audit.

269.    a.The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

270.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all dues checkoffs contributions which may be found due and owing to PLAINTIFF pursuant to the audit of defendant GCL CONSTRUCTION's books and records.

<u>AS AND FOR A THIRTY-SECOND CLAIM FOR RELIEF</u>
(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY
DEFENDANT AURASH CONSTRUCTION)

271.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 270 of this Complaint, as if fully set forth herein.

272.    Pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, defendant AURASH CONSTRUCTION INC., *inter alia*, became obligated to deduct PAC contributions from the wages paid to the employees of defendant AURASH

CONSTRUCTION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

273.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement there became due and owing to PLAINTIFF, as the duly authorized collecting agent, the amount of $1,387.65 as and for PAC contributions based on a partial audit for the period May 1, 2003 through February 27, 2006.

274.    No part of the PAC contributions contractually due the PLAINTIFF has been paid by defendant AURASH CONSTRUCTION, although all fringe benefit contributions have been duly demanded, and PLAINTIFF as the duly authorized collecting agent, has been damaged in the amount of $1,387.65.

275.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreements, with respect to which defendant AURASH CONSTRUCTION and PLAINTIFF are third-party beneficiaries and constitutes a violation of the 1999-2002 Independent Agreement and the 2000-2003 Interior Demolition Agreement, with respect to which defendant AURASH CONSTRUCTION is a party to and PLAINTIFF is a third-party beneficiary.

276.    Accordingly, defendant AURASH CONSTRUCTION is liable to PLAINTIFF, as the duly authorized collecting agent, as and for PAC contributions in the amount of $1,387.65 due based on an audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant F.M.C. CONSTRUCTION's books and records for the period May 1, 2003 through the present.

<u>AS AND FOR A THIRTY-THIRD CLAIM FOR RELIEF</u>

(PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION
FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM
ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

277.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 276 of this Complaint, as if fully set forth herein.

278.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, the amount of $1,387.65 as and for PAC contributions for the period May 1, 2003 through February 27, 2006.

279.    No part of the PAC contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant F.M.C. CONSTRUCTION, although all PAC contributions have been duly demanded, and PLAINTIFF has been damaged in the amount of $1,387.65.

280.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

281.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to

PLAINTIFF, as the duly authorized collecting agent, as and for PAC contributions in the amount of $1,387.65 based on a partial audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to the present.

### AS AND FOR A THIRTY-FOURTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION
FOR BREACH OF CONTRACT FOR PAC CONTRIBUTIONS DUE FROM
ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

282.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 281 of this Complaint, as if fully set forth herein.

283.    As a result of work performed by individual employees of defendant AURASH CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, the amount of $1,387.65 as and for PAC contributions for the period May 1, 2003 through February 27, 2006.

284.    No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant GCL CONSTRUCTION, although all PAC contributions have been duly demanded, and PLAINTIFF has been damaged in the amount of $1,387.65.

285.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

286.    Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, as and for PAC contributions in the amount of $1,387.65 based on a partial audit for the period May 1, 2003 through February 27, 2006, plus such other or further amounts found due and owing pursuant to a complete audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to the present.

### AS AND FOR A THIRTY-FIFTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

287.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 286 of this Complaint, as if fully set forth herein.

288.    Pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement, defendant F.M.C. CONSTRUCTION INC., *inter alia*, became obligated to deduct PAC contributions from the wages paid to the employees of defendant F.M.C. CONSTRUCTION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

289.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement there became due and owing to the PLAINTIFF, as the duly authorized collecting agent,

from defendant F.M.C. CONSTRUCTION an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for PAC contributions for the period May 1, 2003 through the present.

290.    Upon information and belief, PAC contributions contractually due to PLAINTIFF has not been paid by defendant F.M.C. CONSTRUCTION, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in an amount to be determined by the audit.

291.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to the PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

292.    Accordingly, defendant F.M.C. CONSTRUCTION is liable to the PLAINTIFF, as the duly authorized collecting agent, for any and all PAC contributions which may be found due and owing to PLAINTIFF pursuant to a completed audit of defendant F.M.C. CONSTRUCTION's books and records.

## AS AND FOR A THIRTY-SIXTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR PAC CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

293.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 292 of this Complaint, as if fully set forth herein.

294.    As a result of work performed by individual employees of defendant F.M.C. CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent,

from defendant AURASH CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, an amount to be determined by a completed audit of the books and records of defendant F.M.C. CONSTRUCTION as and for PAC contributions for the period May 1, 2003 through the present.

295.    Upon information and belief, PAC contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant AURASH CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the completed audit.

296.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

297.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all PAC contributions which may be found due and owing to PLAINTIFF pursuant to the completed audit of defendant F.M.C. CONSTRUCTION's books and records.

AS AND FOR A THIRTY-SEVENTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR BREACH OF
CONTRACT FOR PAC CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE
AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

298.    PLAINTIFF repeats and realleges each and every allegation contained in
paragraphs 1 through 297 of this Complaint, as if fully set forth herein.

299.    As a result of work performed by individual employees of defendant F.M.C.
CONSTRUCTION, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement,
the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA
Agreement, the 2000-2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement,
the 2005-2008 Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition
Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent,
from defendant GCL CONSTRUCTION, as an alter ego, joint venture, and/or single employer with
defendant F.M.C. CONSTRUCTION, an amount to be determined by a completed audit of the books
and records of defendant F.M.C. CONSTRUCTION as and for PAC contributions for the period
May 1, 2003 through the present.

300.    Upon information and belief, PAC contributions contractually due to the
PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant GCL
CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the
completed audit.

301.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make
the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a
violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002
Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-
2003 Interior Demolition Agreement, the 2005-2008 Independent Agreement, the 2005-2008
Demolition Side Letter Agreement, and  the 2004-2009 Interior Demolition Agreement with respect
to which the PLAINTIFF is a third-party beneficiary.

302.    Accordingly, defendant GCL CONSTRUCTION by the terms of the 2001-
2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the
2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition

Agreement, the 2005-2008 Independent Agreement, the 2005-2008 Demolition Side Letter Agreement, and the 2004-2009 Interior Demolition Agreement as an alter ego, joint venture, and/or single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all PAC contributions which may be found due and owing to PLAINTIFF pursuant to the completed audit of defendant F.M.C. CONSTRUCTION's books and records.

## AS AND FOR A THIRTY-EIGHTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT GCL CONSTRUCTION)

303.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 302 of this Complaint, as if fully set forth herein.

304.    Pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, defendant GCL CONSTRUCTION, *inter alia*, became obligated to deduct PAC contributions from the wages paid to the employees of defendant GCL CONSTRUCTION performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

305.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant GCL CONSTRUCTION an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for PAC contributions for the period May 1, 2003 through the present.

306.    Upon information and belief, dues checkoffs contributions contractually due to PLAINTIFF has not been paid by defendant GCL CONSTRUCTION, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in an amount to be determined by the audit.

307.    The failure, refusal or neglect of defendant GCL CONSTRUCTION to make the required contributions to the PLAINTIFF, as the duly authorized collecting agent, constitutes a

violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

308.    Accordingly, defendant GCL CONSTRUCTION is liable to the PLAINTIFF, as the duly authorized collecting agent, for any and all PAC contributions which may be found due and owing to PLAINTIFF pursuant to an audit of defendant GCL CONSTRUCTION's books and records.

## AS AND FOR AN THIRTY-NINTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

309.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 308 of this Complaint, as if fully set forth herein.

310.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant F.M.C. CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant GCL CONSTRUCTION, an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for PAC contributions for the period May 1, 2003 through the present.

311.    Upon information and belief, PAC contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant F.M.C. CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the audit.

312.    The failure, refusal or neglect of defendant F.M.C. CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

313.    Accordingly, defendant F.M.C. CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, as an alter ego, joint venture, and/or

single employer with defendant F.M.C. CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all PAC contributions which may be found due and owing to PLAINTIFF pursuant to the audit of defendant GCL CONSTRUCTION's books and records.

### AS AND FOR A FORTIETH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR PAC CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL CONSTRUCTION)

314.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 313 of this Complaint, as if fully set forth herein.

315.    As a result of work performed by individual employees of defendant GCL CONSTRUCTION, pursuant to the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement, there became due and owing to the PLAINTIFF, as the duly authorized collecting agent, from defendant AURASH CONSTRUCTION, as an alter ego, joint venture, and/or single employer with defendant GCL CONSTRUCTION, an amount to be determined by an audit of the books and records of defendant GCL CONSTRUCTION as and for PAC contributions for the period May 1, 2003 through the present.

316.    Upon information and belief, PAC contributions contractually due to the PLAINTIFF, as the duly authorized collecting agent, has not been paid by defendant AURASH CONSTRUCTION, and the PLAINTIFF has been damaged in an amount to be determined by the audit.

317.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement with respect to which the PLAINTIFF is a third-party beneficiary.

318.    Accordingly, defendant AURASH CONSTRUCTION by the terms of the 1999-2005 ABMC Agreement and the 2005-2008 ABMC Agreement as an alter ego, joint venture, and/or single employer with defendant AURASH CONSTRUCTION, is liable to PLAINTIFF, as the duly authorized collecting agent, for any and all PAC contributions which may be found due and

owing to PLAINTIFF pursuant to the audit of defendant GCL CONSTRUCTION's books and records.

### AS AND FOR A FORTY-FIRST CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, AND GCL CONSTRUCTION)

319.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 316 of this Complaint, as if fully set forth herein.

320.    Pursuant to the terms and conditions of the 2005-2008 Independent Agreement, defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION are required, *inter alia*, to post and maintain a bond to guarantee payment of all fringe benefit contributions to PLAINTIFF, as the duly authorized agent, and remittance of all dues checkoffs and PAC contributions to PLAINTIFF that become due and owing.  The 2005-2008 Independent Agreement provides in relevant part:

> The Employer shall post and maintain a bond to ensure payment of contributions to the Fringe Benefit Funds set forth in this Article of the Agreement and remittance of dues check-offs and MTDCPAC contributions to the Union. The minimum amount of the bond shall be fifty thousand dollars ($50,000). The required amount of the bond shall increase based on the number of hours of work performed by the Mason Tender employees of the Employer in nay twelve-month period, pursuant to the following schedule:

| Number of Mason Tender Hours | Minimum Bond |
| --- | --- |
| 35,000 to 49,999 | $ 70,000.00 |
| 50,000 to 74,499 | $100,000.00 |
| 75,000 to 99,999 | $130,000.00 |
| 100,000 or more | $150,000.00 |

321.    Upon information and belief, defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION's employees performed 35,000 to 49,999 Mason Tender hours of work in the prior year.

322.    Defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION are obligated, pursuant to the 2005-2008 Independent Agreement, to post and maintain a bond in the amount of $70,000.00.

323.    No bond in the amount of $70,000.00 has been provided to plaintiffs by defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION although such a bond is required pursuant to the 2005-2008 Independent Agreement, and plaintiffs have been damaged in the amount of $70,000.00.

324.    The failure, refusal or neglect of defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION to post and maintain the required bond constitutes a violation of the 2005-2008 Independent Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

325.    Accordingly, defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION are obligated to post and maintain a bond in the amount of $70,000.00.

## AS AND FOR AN FORTY-SECOND CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR COST OF AUDIT AGAINST DEFENDANT AURASH CONSTRUCTION)

326.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 325 of this Complaint, as if fully set forth herein.

327.    Pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement, defendant AURASH CONSTRUCTION is obligated, *inter alia*, to pay the costs of the audit of its books and records if defendant AURASH CONSTRUCTION is found to be substantially delinquent in the payment of fringe benefit contributions to PLAINTIFF, as duly authorized collecting agent.   The 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement  each provide in relevant part:

> If after an audit of its books and records the Employer is found to be substantially delinquent, as defined herein, in the payment of fringe benefit contributions to the Trust Funds set forth in this

Article of the Agreements, the Employer shall bear the imputed cost of the audit as set forth below:

$$\frac{\text{total audited deficiency}}{150} \times \frac{\text{number of}}{\text{months audited}} = \frac{\text{imputed cost}}{\text{of audit}}$$

Substantially delinquent is defined as any deficiency in the payment of fringe benefit contributions to the Trust Funds set forth in this Article of the Agreements in excess of 10% of the fringe benefit contributions paid to the Trust Funds . during the period that is the subject of the audit. In the event the Trust Funds ... bring an action to recover the imputed costs of audit, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

328.    Upon information and belief, pursuant to the partial audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006, defendant AURASH CONSTRUCTION was substantially delinquent in the payment of fringe benefit contributions to PLAINTIFF for said period.

329.    As a result of defendant AURASH CONSTRUCTION's substantial delinquency, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement, there became due and owing to PLAINTIFF from AURASH CONSTRUCTION the amount of $51,210.74 as and for the cost of the partial audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006.

330.    No part of the cost of the audits contractually due PLAINTIFF has been paid by defendant AURASH CONSTRUCTION, although all audit costs have been duly demanded, and plaintiffs FUNDS have been damaged in the amount of $51,210.74.

331.    The failure, refusal or neglect of defendant AURASH CONSTRUCTION to pay the cost of the audits to PLAINTIFF constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

332.    Accordingly, defendant AURASH CONSTRUCTION is liable to PLAINTIFF as and for the cost of the partial audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006 in the amount of $51,210.74, plus the reasonable costs and attorneys' fees incurred in bringing this action.

### AS AND FOR AN FORTY-THIRD CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM FOR THE COST OF THE AURASH CONSTRUCTION AUDIT AGAINST DEFENDANTS F.M.C. CONSTRUCTION AND GCL CONSTRUCTION)

333.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 332 of this Complaint, as if fully set forth herein.

334.    Pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2004-2009 Interior Demolition Agreement, defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant AURASH CONSTRUCTION, are obligated, *inter alia*, to pay the costs of the audit of the books and records of defendant AURASH CONSTRUCTION, if it is found to be substantially delinquent in the payment of fringe benefit contributions to PLAINTIFF.

335.    Upon information and belief, pursuant to the partial audit of defendants AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006, defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION were substantially delinquent in the payment of fringe benefit contributions to PLAINTIFF.

336.    As a result of defendant F.M.C. CONSTRUCTION, and GCL CONSTRUCTION's substantial delinquency, pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2005-2008 Independent Agreement, and the 2004-2009 Interior Demolition Agreement, there became due and owing to PLAINTIFF from defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION the amount of $51,210.74 as and for the cost of the partial audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006.

337.    No part of the cost of the audit contractually due PLAINTIFF has been paid by defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, although all audit costs have been duly demanded, and plaintiffs FUNDS have been damaged in the amount of $51,210.74.

338.    The failure, refusal or neglect of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION to pay the cost of the audit to PLAINTIFF constitutes a violation of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2004-2009 Interior Demolition Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

339.    Accordingly, defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION are liable to PLAINTIFF as and for the cost of the audits for the period May 1, 2003 through February 27, 2006 in the amount of $51,210.74, plus the reasonable costs and attorneys' fees incurred in bringing this action.

## AS AND FOR A FORTY-FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

340.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 339 of this Complaint, as if fully set forth herein.

341.    Pursuant to the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, fifty percent (50%) of employees covered by said agreements shall be classified as Tier A Interior Demolition Workers and fifty percent (50%) of these employees shall be classified as Tier B Interior Demolition Workers with each tier having different wage and benefit rates. Plaintiffs FUNDS are entitled to conduct quarterly audits of defendant F.M.C. CONSTRUCTION to determine whether defendant F.M.C. CONSTRUCTION substantially violated this 1:1 ratio. A substantial violation has occurred if more than fifty-five percent (55%) of the total hours worked by all Tier A and Tier B Interior Demolition Workers in any quarter were worked by Tier B Interior Demolition Workers. Where defendant F.M.C. CONSTRUCTION has substantially violated the 1:1 ratio during any quarter, defendant F.M.C. CONSTRUCTION shall be required to

contribute to PLAINTIFF the total differential in wages and benefits that the defendant F.M.C. CONSTRUCTION should have paid had it complied with the 1:1 ratio but did not pay.

342.    Pursuant to partial quarterly audits of defendant F.M.C. CONSTRUCTION covering the period May 1, 2003 through February 27, 2006, defendant F.M.C. CONSTRUCTION was found to have substantially violated the 1:1 ratio of Tier A to Tier B Interior Demolition workers in the amount of $2,598.26 as and for Tier wage rate and benefit rate adjustments owing to PLAINTIFF.

343.    No part of the substantial Tier wage rate and benefit rate adjustments contractually due PLAINTIFF has been paid by defendant F.M.C. CONSTRUCTION, although all Tier adjustments have been duly demanded, and PLAINTIFF has been damaged in the amount of $2,598.26.

344.    The failure, refusal, or neglect of defendant F.M.C. CONSTRUCTION to make the required Tier adjustment payments to PLAINTIFF constitutes a violation of the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, with respect to which plaintiffs FUNDS are third-party beneficiaries.

345.    Accordingly, defendant F.M.C. CONSTRUCTION is liable to PLAINTIFF as and for Tier wage rate and benefit rate adjustments in the amount of $2,598.26 from partial quarterly audits of defendant F.M.C. CONSTRUCTION's books and records covering the period May 1, 2003 through February 27, 2006, plus the amount found due and owing from completed quarterly audits of defendant F.M.C. CONSTRUCTION's books and records for the period May 1, 2003 to present.

## AS AND FOR AN FORTY-FIFTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR TIER WAGE RATE AND BENEFIT RATE ADJUSTMENTS PURSUANT TO THE F.M.C. CONSTRUCTION AUDIT AGAINST DEFENDANTS AURASH CONSTRUCTION AND GCL CONSTRUCTION)

346.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 345 of this Complaint, as if fully set forth herein.

347.    Pursuant to the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, are obligated, *inter alia*, to contribute to PLAINTIFF the total differential in

wages and benefits that the defendant F.M.C. CONSTRUCTION should have paid had it complied with the 1:1 ratio but did not pay.

348.    Upon information and belief, pursuant to partial quarterly audits of defendant F.M.C. CONSTRUCTION covering the period May 1, 2003 through February 27, 2006, defendants AURASH CONSTRUCTION and GCL CONSTRUCTION were found to have substantially violated the 1:1 ratio of Tier A to Tier B Interior Demolition workers in the amount of $2,598.26 as and for Tier wage rate and benefit rate adjustments owing to PLAINTIFF.

349.    No part of the Tier wage rate and benefit rate adjustments contractually due PLAINTIFF has been paid by defendants AURASH CONSTRUCTION and GCL CONSTRUCTION, although all audit costs have been duly demanded, and plaintiffs FUNDS have been damaged in the amount of $2,598.26.

350.    The failure, refusal or neglect of defendants AURASH CONSTRUCTION and GCL CONSTRUCTION to pay the Tier wage rate and benefit rate adjustments to PLAINTIFF constitutes a violation of the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

351.    Accordingly, defendants AURASH CONSTRUCTION and GCL CONSTRUCTION are liable to PLAINTIFF as and for Tier wage rate and benefit rate adjustments in the amount of $2,598.26 from partial quarterly audits of defendant F.M.C. CONSTRUCTION's books and records covering the period May 1, 2003 through February 27, 2006, plus the amount found due and owing from completed quarterly audits of defendant F.M.C. CONSTRUCTION's books and records for the period May 1, 2003 to present.

## AS AND FOR A FORTY-SIXTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT AURASH CONSTRUCTION)

352.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 351 of this Complaint, as if fully set forth herein.

353.    Pursuant to the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, fifty percent (50%) of employees covered by said agreements

shall be classified as Tier A Interior Demolition Workers and fifty percent (50%) of these employees shall be classified as Tier B Interior Demolition Workers with each tier having different wage and benefit rates. Plaintiffs FUNDS are entitled to conduct quarterly audits of defendant AURASH CONSTRUCTION to determine whether defendant AURASH CONSTRUCTION substantially violated this 1:1 ratio. A substantial violation has occurred if more than fifty-five percent (55%) of the total hours worked by all Tier A and Tier B Interior Demolition Workers in any quarter were worked by Tier B Interior Demolition Workers. Where defendant AURASH CONSTRUCTION has substantially violated the 1:1 ratio during any quarter, defendant AURASH CONSTRUCTION shall be required to contribute to PLAINTIFF the total differential in wages and benefits that the defendant AURASH CONSTRUCTION should have paid had it complied with the 1:1 ratio but did not pay.

354.    Pursuant to partial quarterly audits of defendant AURASH CONSTRUCTION covering the period May 1, 2003 through February 27, 2006, defendant AURASH CONSTRUCTION was found to have substantially violated the 1:1 ratio of Tier A to Tier B Interior Demolition workers in the amount of $2,215.44 as and for Tier wage rate and benefit rate adjustments owing to PLAINTIFF.

355.    No part of the substantial Tier wage rate and benefit rate adjustments contractually due PLAINTIFF has been paid by defendant AURASH CONSTRUCTION, although all Tier adjustments have been duly demanded, and PLAINTIFF has been damaged in the amount of $2,215.44.

356.    The failure, refusal, or neglect of defendant AURASH CONSTRUCTION to make the required Tier adjustment payments to PLAINTIFF constitutes a violation of the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, with respect to which plaintiffs FUNDS are third-party beneficiaries.

357.    Accordingly, defendant AURASH CONSTRUCTION is liable to PLAINTIFF as and for Tier wage rate and benefit rate adjustments in the amount of $2,215.44 from partial quarterly audits of defendant AURASH CONSTRUCTION's books and records covering the period May 1, 2003 through February 27, 2006, plus the amount found due and owing from completed quarterly audits of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to present.

<u>AS AND FOR AN FORTY-SEVENTH CLAIM FOR RELIEF</u>

(PLAINTIFF'S CLAIM FOR TIER WAGE RATE AND BENEFIT RATE ADJUSTMENTS
PURSUANT TO THE AURASH. CONSTRUCTION AUDIT AGAINST DEFENDANTS
F.M.C. CONSTRUCTION AND GCL CONSTRUCTION)

358.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 357 of this Complaint, as if fully set forth herein.

359.    Pursuant to the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, as an alter ego and/or as a single employer with defendant F.M.C. CONSTRUCTION, are obligated, *inter alia*, to contribute to PLAINTIFF the total differential in wages and benefits that the defendant AURASH CONSTRUCTION should have paid had it complied with the 1:1 ratio but did not pay.

360.    Upon information and belief, pursuant to partial quarterly audits of defendant AURASH CONSTRUCTION covering the period May 1, 2003 through February 27, 2006, defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION were found to have substantially violated the 1:1 ratio of Tier A to Tier B Interior Demolition workers in the amount of $2,215.44 as and for Tier wage rate and benefit rate adjustments owing to PLAINTIFF.

361.    No part of the Tier wage rate and benefit rate adjustments contractually due PLAINTIFF has been paid by defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION, although all audit costs have been duly demanded, and plaintiffs FUNDS have been damaged in the amount of $2,215.44.

362.    The failure, refusal or neglect of defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION to pay the Tier wage rate and benefit rate adjustments to PLAINTIFF constitutes a violation of the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

363.    Accordingly, defendants F.M.C. CONSTRUCTION and GCL CONSTRUCTION are liable to PLAINTIFF as and for Tier wage rate and benefit rate adjustments in the amount of $2,215.44 from partial quarterly audits of defendant AURASH CONSTRUCTION's books and records covering the period May 1, 2003 through February 27, 2006, plus the amount found due and

owing from completed quarterly audits of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 to present.

## AS AND FOR A FORTY-EIGHTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, AND GCL CONSTRUCTION)

364.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 363 of this Complaint, as if fully set forth herein.

365.    Pursuant to the terms and conditions of the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement, defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, are required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF, remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION and permit and cooperate in the conduct of audits of defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION'S books and records, respectively, for so long as defendants remain obligated to do so pursuant to the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement.

366.    Upon information and belief, defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION have failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF for the period May 1, 2003 through February 27, 2006, remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION for the period May 1, 2003 through February 27, 2006, failed to permit and cooperate in the conduct of an audit of defendant alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION's books and records for the period May 1, 2003 through the present and are currently in breach of their obligations under the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement. Defendants alter ego

and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement.

367.    The 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement each provide in pertinent part:

> Where payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the Trustees of Mason Tenders District Council Fringe Benefit Funds to have the Court enter an order permanently enjoining the Employer and its agents, representatives, directors, officers, stockholders, successors and assigns, for the remaining term of this Agreement from failing, refusing, or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the Mason Tenders District Council Fringe Benefit Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of the Agreement. In consideration of this Agreement, the Employer represents and warrants that it will not raise any defense, counterclaim or offset to the Trustees' application for this Order.

368.    PLAINTIFF has no adequate remedy at law to insure that defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION will adhere to the terms of the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement.

369.    PLAINTIFF will suffer immediate and irreparable injury unless defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits for so long as defendants remain obligated to do so pursuant to the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement. The UNION will suffer immediate and irreparable injury unless defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to deduct and remit dues checkoffs and PAC contributions from the wages paid employees who authorize said deductions in writing to the UNION, for so long as they remain obligated to do so pursuant to the 1999-2002 Independent

Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement.

370.    Accordingly, PLAINTIFF requests this Court issue an injunction permanently enjoining defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF and requiring them to permit and cooperate in the conduct of audits for the term of the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement. PLAINTIFF requests this Court issue an injunction permanently enjoining defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to deduct and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, for the term of the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement.

## AS AND FOR A FORTY-NINTH CLAIM FOR RELIEF

(PLAINTIFF'S  CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA
AGAINST DEFENDANTS ALTER EGO AND/OR SINGLE EMPLOYER
F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, AND GCL CONSTRUCTION)

371.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 370 of this Complaint, as if fully set forth herein.

372.    Pursuant to the provisions of ERISA and the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2004-2009 Interior Demolition Agreement, the 2005-2008 Interior Demolition Side Letter Agreement, the 1999-2005 ABMC Agreement, and the 2005-2008 ABMC

Agreement, defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, are required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits of defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION'S books and records, respectively, for so long as defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION remain obligated to do so pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2004-2009 Interior Demolition Agreement, the 2005-2008 Interior Demolition Side Letter Agreement, the 1999-2005 ABMC Agreement, and the 2005-2008 ABMC Agreement.

373.    Upon information and belief, defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and AURASH CONSTRUCTION have failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF for the period May 1, 2003 through February 27, 2006 and are currently in breach of their statutory obligations under ERISA. Defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION's prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

374.    PLAINTIFF has no adequate remedy at law to insure that defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION will continue to adhere to their statutory obligations.

375.    PLAINTIFF will suffer immediate and irreparable injury unless defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits for so long as defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION remain obligated to do so pursuant to ERISA.

376. Accordingly, PLAINTIFF request this Court issue an injunction permanently enjoining defendants alter ego and/or single employer F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF and requiring them to permit and cooperate in the conduct of audits for the term of the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2004-2009 Interior Demolition Agreement, the 2005-2008 Interior Demolition Side Letter Agreement, the 1999-2005 ABMC Agreement, and the 2005-2008 ABMC Agreement.

**WHEREFORE**, PLAINTIFF and plaintiffs FUNDS demand judgment:

a.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for an Order requiring defendants to permit and cooperate in the conduct of complete audits of the books and records of defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION for the period May 1, 2003 through the present by plaintiff FUNDS;

b.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for payment of all past due fringe benefit contributions in the amount of $225,929.72 based on a partial audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006;

c.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for payment of all fringe benefit contributions and interest which became due for the period May 1, 2003 through the present, and which become due during the pendency of this action;

d.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for late payments of fringe benefit, dues checkoffs, and PAC contributions in the amount of $41,547.14, based on a partial audit of defendant F.M.C. CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006;

e.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for accrued prejudgment interest on all contributions in accordance with ERISA § 502(g)(2);

f.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

g.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for payment of all past due dues checkoffs contributions in the amount of $17,434.15 based on a partial audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006;

h.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for payment of all dues checkoffs contributions and interest which became due for the period May 1, 2003 through the present, and which become due during the pendency of this action;

i.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for payment of all past due PAC contributions in the amount of $1,387.65 based on a partial audit of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006;

j.    against defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, jointly and severally, for payment of all PAC contributions and interest which became due for the period May 1, 2003 through the present, and which become due during the pendency of this action;

k.    for an Order requiring defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION and GCL CONSTRUCTION, jointly and severally, to post and maintain a bond in the amount of $70,000.00 to guarantee payment of all contributions which become due to PLAINTIFF and remittance of all dues checkoffs and PAC contributions which become due to PLAINTIFF, as the duly authorized agent;

l.    against    defendants    F.M.C.    CONSTRUCTION,    AURASH CONSTRUCTION and GCL CONSTRUCTION, jointly and severally, for the cost of the audits of defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006, in the amount of $51,210.74;

m.    against    defendants    F.M.C.    CONSTRUCTION,    AURASH CONSTRUCTION and GCL CONSTRUCTION, jointly and severally, for Tier wage rate and benefit rate adjustments based on an audit defendant F.M.C. CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006 in the amount of $2,598.26;

n.    against    defendants    F.M.C.    CONSTRUCTION,    AURASH CONSTRUCTION and GCL CONSTRUCTION, jointly and severally, for Tier wage rate and benefit rate adjustments based on an audit defendant AURASH CONSTRUCTION's books and records for the period May 1, 2003 through February 27, 2006 in the amount of $2,215.44;

o.    against    defendants    F.M.C.    CONSTRUCTION,    AURASH CONSTRUCTION and SIGNATORY, jointly and severally, for the reasonable costs and attorneys' fees incurred in bringing this action;

p.    for    an    Order    permanently    enjoining    defendants    F.M.C. CONSTRUCTION,    AURASH    CONSTRUCTION,    and    GCL CONSTRUCTION, respectively, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2004-2009 Interior Demolition Agreement, the 2005-2008 Interior Demolition Side Letter Agreement, the 1999-2005 ABMC Agreement, and the 2005-2008 ABMC Agreement, and an Order permanently enjoining defendants F.M.C.

CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, their agents, successors, assigns, representatives, directors, officers and stockholders from failing to remit deducted dues checkoffs and PAC contributions to PLAINTIFF for so long as they are obligated to do so pursuant to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2004-2009 Interior Demolition Agreement, the 2005-2008 Interior Demolition Side Letter Agreement, the 1999-2005 ABMC Agreement, and the 2005-2008 ABMC Agreement;

q.    for an Order permanently enjoining defendants F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, and GCL CONSTRUCTION, respectively, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with ERISA and the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2000-2003 Interior Demolition Agreement, the 2004-2009 Interior Demolition Agreement, the 2005-2008 Interior Demolition Side Letter Agreement, the 1999-2005 ABMC Agreement, and the 2005-2008 ABMC Agreement; and

r.    for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          April    , 2008

                                        GORLICK, KRAVITZ & LISTHAUS, P.C.
                                        Attorneys for Plaintiffs

                                        By:

                                            Michael J. Vollbrecht, Esq. (MV 1118)
                                            17 State Street, 4th Floor
                                            New York, New York  10004-1501
                                            (212) 269-2500