UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY               08 CV 3864 (DAB)
FUND, and TRAINING PROGRAM FUND, and              ECF ACTION
JOHN J. VIRGA, in his fiduciary capacity as director

                   Plaintiff,                **ANSWER AND AFFIRMATIVE
                                                                            DEFENSES**

    - against -

F.M.C. CONSTRUCTION, LLC, AURASH
CONSTRUCTION CORP. and GCL GROUP INC.,

                  Defendants.
-----------------------------------------------------------------X

     Defendants F.M.C. CONSTRUCTION, LLC ("FMC"), AURASH CONSTRUCTION

CORP. ("Aurash") and GCL GROUP INC. ("GCL") (collectively, the "Defendants"), by their

attorneys, Dealy & Silberstein, LLP, answers the Complaint of Plaintiffs MASON TENDERS

DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and

TRAINING PROGRAM FUND (collectively, the "Funds"), and JOHN J. VIRGA, in his

fiduciary capacity as director (collectively, the "Plaintiffs"), as follows:

### As To Nature of Action and Jurisdiction

1.     There is no allegation of fact in paragraph 1 of the Complaint which would require

a response.  To the extent a response is required, Defendants deny the allegations

contained in paragraph 1 of the Complaint, except admit that Plaintiffs purport to

bring this action pursuant to the Employee Retirement Income Security Act, as

amended ("ERISA"), and the Labor Management Relations Action of 1947

("LMRA").

1

2.      There is no allegation of fact in paragraph 2 of the Complaint which would require a response, and Defendants respectfully refer all questions of law to the Court.

3.      There is no allegation of fact in paragraph 3 of the Complaint which would require a response, and Defendants respectfully refer all questions of law to the Court.

## PARTIES

4.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, except admit that Defendant FMC is a domestic corporation doing business in the City and State of New York, and respectfully refer all questions of law to the Court.

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, except admit that Defendant FMC was formerly a member of non-party Building Contractors Association ("BCA") and Defendants respectfully refer the Court to the 2001-2006 BCA Agreement for a plain reading of its contents.

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and respectfully refer

2

the Court to the 2001-2006 BCA Agreement for a plain reading of its contents.

10.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.  Admit the allegations contained in paragraph 11 of the Complaint.

12.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and respectfully refer the Court to the 2001-2006 BCA Agreement for a plain reading of its contents.

13.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and respectfully refer the Court to the 2001-2006 BCA Agreement for a plain reading of its contents.

18.  Deny the allegations contained in paragraph 18 of the Complaint.

19.  Deny the allegations contained in paragraph 19 of the Complaint.

20.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint and respectfully refer the Court to the 2006-2010 BCA Agreement for a plain reading of its contents.

22.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and respectfully refer the Court to the 2006-2010 BCA Agreement for a plain reading of its contents.

28.  Deny the allegations contained in paragraph 28 of the Complaint.

29.  Deny the allegations contained in paragraph 29 of the Complaint.

30.  Deny the allegations contained in paragraph 30 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of whether a collective bargaining agreement ("CBA") was executed between the Environmental Contractors Association, Inc. ("ECA") and the Mason Tenders

4

District Council of Greater New York and Long Island (the "Union"), and respectfully refer the Court to the 2000-2003 ECA Agreement for a plain reading of its contents.

31.  Deny the allegations contained in paragraph 3 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of whether a CBA was executed between the ECA and the Union, and respectfully refer the Court to the 2000-2003 ECA Agreement for a plain reading of its contents.

32.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint, except admit that Defendant Aurash was a domestic corporation doing business in the City and State of New York, and respectfully refer all questions of law to the Court.

33.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35.  Admit the allegations contained in paragraph 35 of the Complaint.

36.  Admit the allegations contained in paragraph 36 of the Complaint.

37.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint, except admit that
        Defendant GCL is a member of the non-party Associated Brick Mason Contractors
        of Greater New York, Inc. ("ABMC") and that the ABMC is a party to a CBA with
        the Union.

40.     Admit the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint and respectfully
        refer the Court to the 2001-2006 BCA Agreement for a plain reading of its
        contents.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint, but admit that
        Defendant FMC was formerly a member of the BCA, which membership was
        terminated on or about November 1, 2005.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint and respectfully
        refer the Court to the 2001-2006 BCA Agreement for a plain reading of its
        contents.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth or falsity
        of the allegations contained in paragraph 50 of the Complaint and respectfully refer

the Court to the 2001-2006 BCA Agreement for a plain reading of its contents.

51.  Deny the allegations contained in paragraph 51 of the Complaint, which are identical to the allegations contained in paragraph 47 of the Complaint.

52.  Deny the allegations contained in paragraph 52 of the Complaint.

53.  Deny the allegations contained in paragraph 53 of the Complaint.

54.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint and respectfully refer the Court to the 2006-2010 BCA Agreement for a plain reading of its contents.

55.  Deny the allegations contained in paragraph 55 of the Complaint.

56.  Deny the allegations contained in paragraph 56 of the Complaint.

57.  Deny the allegations contained in paragraph 57 of the Complaint.

58.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint and respectfully refer the Court to the 2006-2010 BCA Agreement for a plain reading of its contents.

59.  Deny the allegations contained in paragraph 59 of the Complaint.

60.  Deny the allegations contained in paragraph 60 of the Complaint.

61.  Deny the allegations contained in paragraph 61 of the Complaint.

62.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint and respectfully refer the Court to the 2005-2008 Independent Agreement for a plain reading of its contents.

63.  Deny the allegations contained in paragraph 63 of the Complaint.

64.     Deny the allegations contained in paragraph 64 of the Complaint.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth or falsity
        of the allegations contained in paragraph 66 of the Complaint and respectfully refer
        the Court to the 2005-2008 Independent Agreement for a plain reading of its
        contents.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth or falsity
        of the allegations contained in paragraph 70 of the Complaint and respectfully refer
        the Court to the 2000-2003 Interior Demolition Agreement for a plain reading of
        its contents.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 72 of the Complaint.

73.     Deny the allegations contained in paragraph 73 of the Complaint.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

75.     Deny the allegations contained in paragraph 75 of the Complaint.

76.     Deny the allegations contained in paragraph 76 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth or falsity
        of the allegations contained in paragraph 77 of the Complaint and respectfully refer
        the Court to the 2000-2003 ECA Agreement for a plain reading of its contents.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint and respectfully refer the Court to the 2000-2003 ECA Agreement for a plain reading of its contents.

81.     Deny the allegations contained in paragraph 81 of the Complaint.

82.     Deny the allegations contained in paragraph 82 of the Complaint.

83.     Deny the allegations contained in paragraph 83 of the Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint and respectfully refer the Court to the 2003-2007 ECA Agreement for a plain reading of its contents.

85.     Deny the allegations contained in paragraph 85 of the Complaint.

86.     Deny the allegations contained in paragraph 86 of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint and respectfully refer the Court to the 2003-2007 ECA Agreement for a plain reading of its contents.

88.     Deny the allegations contained in paragraph 88 of the Complaint.

89.     Deny the allegations contained in paragraph 89 of the Complaint.

90.     Deny the allegations contained in paragraph 90 of the Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint and respectfully refer the Court to the 1999-2005 ABMC Agreement for a plain reading of its contents.

92.     Deny the allegations contained in paragraph 92 of the Complaint.

93.     Deny the allegations contained in paragraph 93 of the Complaint.

94.     Deny the allegations contained in paragraph 94 of the Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint and respectfully refer the Court to the 1999-2005 ABMC Agreement for a plain reading of its contents.

96.     Deny the allegations contained in paragraph 96 of the Complaint.

97.     Deny the allegations contained in paragraph 97 of the Complaint.

98.     Deny the allegations contained in paragraph 98 of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Complaint and respectfully refer the Court to the 2005-2008 ABMC Agreement for a plain reading of its contents.

100.    Deny the allegations contained in paragraph 100 of the Complaint.

101.    Deny the allegations contained in paragraph 101 of the Complaint.

102.    Deny the allegations contained in paragraph 102 of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint and respectfully refer the Court to the 2005-2008 ABMC Agreement for a plain reading of its contents.

104.    Deny the allegations contained in paragraph 104 of the Complaint.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

106.    Deny the allegations contained in paragraph 106 of the Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT AURASH CONSTRUCTION)

107.   Reallege and incorporate by reference their responses to paragraphs 1 through 106 above.

108.   Defendant Aurash denies the allegations contained in paragraph 108 of the Complaint.

109.   Defendant Aurash denies the allegations contained in paragraph 109 of the Complaint.

110.   Defendant Aurash denies the allegations contained in paragraph 110 of the Complaint.

111.   Defendant Aurash denies the allegations contained in paragraph 111 of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

112.   Reallege and incorporate by reference their responses to paragraphs 1 through 111 above.

113.   Defendant FMC denies the allegations contained in paragraph 113 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

114.    Defendant FMC denies the allegations contained in paragraph 114 of the
Complaint, except admits that it has not remitted any fringe benefit contributions
on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of
Defendant Aurash and/or a single employer with Defendant Aurash.

115.    Defendant FMC denies the allegations contained in paragraph 115 of the
Complaint, except admits that it has not remitted any fringe benefit contributions
on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of
Defendant Aurash and/or a single employer with Defendant Aurash.

116.    Defendant FMC denies the allegations contained in paragraph 116 of the
Complaint, except admits that it has not remitted any fringe benefit contributions
on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of
Defendant Aurash and/or a single employer with Defendant Aurash.

## AS TO THE THIRD CLAIM FOR RELIEF

## (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL GROUP FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

117.    Reallege and incorporate by reference their responses to paragraphs 1 through 116
above.

118.    Defendant GCL denies the allegations contained in paragraph 118 of the
Complaint, except admits that it has not remitted any fringe benefit contributions
on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of
Defendant Aurash and/or a single employer with Defendant Aurash.

12

119. Defendant GCL denies the allegations contained in paragraph 119 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

120. Defendant GCL denies the allegations contained in paragraph 120 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

121. Defendant GCL denies the allegations contained in paragraph 121 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

## AS TO THE FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

122. Reallege and incorporate by reference their responses to paragraphs 1 through 121 above.

123. Defendant FMC denies the allegations contained in paragraph 123 of the Complaint, and specifically avers that any and all fringe benefit contributions owed for the period of May 1, 2003 through the present have been paid in full.

124. Defendant FMC denies the allegations contained in paragraph 124 of the Complaint, and specifically avers that any and all fringe benefit contributions have

been paid in full.

125.    Defendant FMC denies the allegations contained in paragraph 125 of the

Complaint, and specifically avers that any and all fringe benefit contributions have

been paid in full.

126.    Defendant FMC denies the allegations contained in paragraph 126 of the

Complaint, and specifically avers that any and all fringe benefit contributions have

been paid in full.

## AS TO THE FIFTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

127.    Reallege and incorporate by reference their responses to paragraphs 1 through 126

above.

128.    Defendant Aurash denies the allegations contained in paragraph 128 of the

Complaint, except admits that it has not remitted any fringe benefit contributions

on behalf of Defendant FMC, and specifically avers that it is not an alter ego of

Defendant FMC and/or a single employer with Defendant FMC.

129.    Defendant Aurash denies the allegations contained in paragraph 129 of the

Complaint, except admits that it has not remitted any fringe benefit contributions

on behalf of Defendant FMC, and specifically avers that it is not an alter ego of

Defendant FMC and/or a single employer with Defendant FMC.

130.    Defendant Aurash denies the allegations contained in paragraph 130 of the

Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

131.    Defendant Aurash denies the allegations contained in paragraph 131 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

## AS TO THE SIXTH CLAIM FOR RELIEF

## (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

132.    Reallege and incorporate by reference their responses to paragraphs 1 through 131 above.

133.    Defendant GCL denies the allegations contained in paragraph 133 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

134.    Defendant GCL denies the allegations contained in paragraph 134 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

135.    Defendant GCL denies the allegations contained in paragraph 135 of the

Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

136.    Defendant GCL denies the allegations contained in paragraph 136 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

## AS TO THE SEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT GCL GROUP)

137.    Reallege and incorporate by reference their responses to paragraphs 1 through 136 above.

138.    Defendant GCL denies the allegations contained in paragraph 138 of the Complaint, and specifically avers that any and all fringe benefit contributions have been paid in full.

139.    Defendant GCL denies the allegations contained in paragraph 139 of the Complaint, and specifically avers that any and all fringe benefit contributions for the period of May 1, 2003 though the present have been paid in full.

140.    Defendant GCL denies the allegations contained in paragraph 140 of the Complaint, and specifically avers that any and all fringe benefit contributions have been paid in full.

141.    Defendant GCL denies the allegations contained in paragraph 141 of the

Complaint, and specifically avers that any and all fringe benefit contributions have been paid in full.

## AS TO THE EIGHTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL GROUP)

142.    Reallege and incorporate by reference their responses to paragraphs 1 through 141 above.

143.    Defendant FMC denies the allegations contained in paragraph 143 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

144.    Defendant FMC denies the allegations contained in paragraph 144 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

145.    Defendant FMC denies the allegations contained in paragraph 145 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

146.    Defendant FMC denies the allegations contained in paragraph 146 of the Complaint, except admits that it has not remitted any fringe benefit contributions

on behalf of Defendant CGL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

## AS TO THE NINTH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL GROUP)**

147.    Reallege and incorporate by reference their responses to paragraphs 1 through 146 above.

148.    Defendant Aurash denies the allegations contained in paragraph 148 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

149.    Defendant Aurash denies the allegations contained in paragraph 149 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

150.    Defendant Aurash denies the allegations contained in paragraph 150 of the Complaint, except admits that it has not remitted any fringe benefit contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

151.    Defendant Aurash denies the allegations contained in paragraph 151 of the Complaint, except admits that it has not remitted any fringe benefit contributions

on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL.

### AS TO THE TENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

152.  Reallege and incorporate by reference their responses to paragraphs 1 through 151 above.

153.  Defendant FMC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Complaint, and respectfully refers the Court to the 2005-2008 Independent Agreement for a plain reading of its contents.

154.  Defendant FMC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Complaint.

155.  Defendant FMC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 155 of the Complaint.

156.  Defendant FMC denies the allegations contained in paragraph 157 of the Complaint.

157.  Defendant FMC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Complaint.

158.  Defendant FMC denies the allegations contained in paragraph 158 of the Complaint.

159.  Defendant FMC denies the allegations contained in paragraph 159 of the

Complaint.

160.    Defendant FMC denies the allegations contained in paragraph 160 of the
Complaint.

161.    Defendant FMC denies the allegations contained in paragraph 161 of the
Complaint.

## AS TO THE ELEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT BY ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

162.    Reallege and incorporate by reference their responses to paragraphs 1 through 161
above.

163.    Defendant Aurash denies the allegations contained in paragraph 163 of the
Complaint, except admits that it has not remitted any combined fringe benefit
contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC,
and specifically avers that it is not an alter ego of Defendant FMC and/or a single
employer with Defendant FMC.

164.    Defendant Aurash denies the allegations contained in paragraph 164 of the
Complaint except admits that it has not remitted any combined fringe benefit
contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC,
and specifically avers that it is not an alter ego of Defendant FMC and/or a single
employer with Defendant FMC.

165.    Defendant Aurash denies the allegations contained in paragraph 165 of the
Complaint except admits that it has not remitted any combined fringe benefit

contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

166.    Defendant Aurash denies the allegations contained in paragraph 166 of the Complaint except admits that it has not remitted any combined fringe benefit contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

167.    Defendant Aurash denies the allegations contained in paragraph 167 of the Complaint except admits that it has not remitted any combined fringe benefit contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

## AS TO THE TWELFTH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL GROUP FOR BREACH OF CONTRACT BY ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)**

168.    Reallege and incorporate by reference their responses to paragraphs 1 through 167 above.

169.    Defendant GCL denies the allegations contained in paragraph 169 of the Complaint, except admits that it has not remitted any combined fringe benefit contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single

employer with Defendant FMC.

170. Defendant GCL denies the allegations contained in paragraph 170 of the Complaint, except admits that it has not remitted any combined fringe benefit contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

171. Defendant GCL denies the allegations contained in paragraph 171 of the Complaint, except admits that it has not remitted any combined fringe benefit contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

172. Defendant GCL denies the allegations contained in paragraph 172 of the Complaint, except admits that it has not remitted any combined fringe benefit contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

173. Defendant GCL denies the allegations contained in paragraph 173 of the Complaint, except admits that it has not remitted any combined fringe benefit contributions, dues checkoffs or PAC contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

## <u>AS TO THE THIRTEENTH CLAIM FOR RELIEF</u>

**(PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY
DEFENDANT F.M.C. CONSTRUCTION)**

174.  Reallege and incorporate by reference their responses to paragraphs 1 through 173 above.

175.  There is no allegation of fact in paragraph 175 of the Complaint which would require a response, and Defendant FMC respectfully refers all questions of law to the Court.

176.  Defendant FMC denies the allegations contained in paragraph 176 of the Complaint and respectfully refers all questions of law to the Court.

177.  There is no allegation of fact contained in paragraph 17 of the Complaint which would require a response, and Defendant FMC respectfully refers all questions of law to the Court.

178.  Defendant FMC denies the allegations contained in paragraph 178 of the Complaint and Defendant FMC respectfully refers all questions of law to the Court.

**AS TO THE FOURTEENTH CLAIM FOR RELIEF**

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION
FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO
AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)**

179.  Reallege and incorporate by reference their responses to paragraphs 1 through 178 above.

180.  There is no allegation of fact in paragraph 180 of the Complaint which would require a response, and Defendant Aurash respectfully refers all questions of law to

the Court.

181.   Defendant Aurash denies the allegations contained in paragraph 181 of the Complaint, except admits that it has not paid and/or submitted any fringe benefit contributions and/or reports on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC and respectfully refers all questions of law to the Court.

182.   There is no allegation of fact in paragraph 182 of the Complaint which would require a response, and Defendant Aurash respectfully refers all questions of law to the Court.

183.   Defendant Aurash denies the allegations contained in paragraph 183 of the Complaint, except admits that it has not paid and/or submitted any fringe benefit contributions and/or reports on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC and respectfully refers all questions of law to the Court.

## AS TO THE FIFTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL GROUP FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

184.   Reallege and incorporate by reference their responses to paragraphs 1 through 183 above.

185.   There is no allegation of fact in paragraph 185 of the Complaint which would require a response, and Defendant GCL respectfully refers all questions of law to the Court.

186.   Defendant GCL denies the allegations contained in paragraph 186 of the Complaint, except admits that it has not paid and/or submitted any fringe benefit contributions and/or reports on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer with Defendant FMC and respectfully refers all questions of law to the Court.

187.   There is no allegation of fact in paragraph 187 of the Complaint which would require a response, and Defendant GCL respectfully refers all questions of law to the Court.

188.   Defendant GCL denies the allegations contained in paragraph 188 of the Complaint, except admits that it has not paid and/or submitted any fringe benefit contributions and/or reports on behalf of Defendant FMC, and specifically avers that it is not an alter ego and/or a single employer with Defendant FMC and respectfully refers all questions of law to the Court.

## AS TO THE SIXTEENTH CLAIM FOR RELIEF

## (PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT AURASH CONSTRUCTION)

189.   Reallege and incorporate by reference their responses to paragraphs 1 through 188 above.

190.   There is no allegation of fact in paragraph 190 of the Complaint which would require a response, and Defendant Aurash respectfully refers all questions of law to the Court.

191.   Defendant Aurash denies the allegations contained in paragraph 191 of the

25

Complaint and respectfully refers all questions of law to the Court.

192.    Defendant Aurash denies the allegations contained in paragraph 191 of the

Complaint and Defendants respectfully refer all questions of law to the Court.

193.    Defendant Aurash denies the allegations contained in paragraph 191 of the

Complaint and respectfully refers all questions of law to the Court.

### AS TO THE SEVENTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

194.    Reallege and incorporate by reference their responses to paragraphs 1 through 193

above.

195.    There is no allegation of fact in paragraph 195 of the Complaint which would

require a response, and Defendant FMC respectfully refers all questions of law to

the Court.

196.    Defendant FMC denies the allegations contained in paragraph 196 of the

Complaint, except admits that it has not paid and/or submitted any fringe benefit

contributions and/or reports on behalf of Defendant Aurash, and specifically avers

that it is not an alter ego of Defendant Aurash and/or a single employer with

Defendant Aurash and respectfully refers all questions of law to the Court.

197.    Defendant FMC denies the allegations contained in paragraph 206 of the

Complaint and respectfully refers all questions of law to the Court.

198.    Defendant FMC denies the allegations contained in paragraph 198 of the

Complaint, except admits that it has not paid and/or submitted any fringe benefit

26

contributions and/or reports on behalf of Defendant Aurash, and specifically avers

that it is not an alter ego of Defendant Aurash and/or a single employer with

Defendant Aurash and respectfully refers all questions of law to the Court.

### AS TO THE EIGHTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL GROUP FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

199.    Reallege and incorporate by reference their responses to paragraphs 1 through 198

above.

200.    There is no allegation of fact in paragraph 200 of the Complaint which would

require a response, and Defendant GCL respectfully refers all questions of law to

the Court.

201.    Defendant GCL denies the allegations contained in paragraph 201 of the

Complaint, except admits that it has not paid and/or submitted any fringe benefit

contributions and/or reports on behalf of Defendant Aurash, and specifically avers

that it is not an alter ego of Defendant Aurash  and/or a single employer with

Defendant Aurash and respectfully refers all questions of law to the Court.

202.    Defendant GCL denies the allegations contained in paragraph 202 of the

Complaint and Defendant GCL respectfully refers all questions of law to the Court.

203.    Defendant GCL denies the allegations contained in paragraph 198 of the

Complaint, except admits that it has not paid and/or submitted any fringe benefit

contributions and/or reports on behalf of Defendant Aurash, and specifically avers

that it is not an alter ego of Defendant Aurash and/or a single employer with

Defendant Aurash and respectfully refers all questions of law to the Court.

## AS TO THE NINETEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT GCL GROUP)

204.    Reallege and incorporate by reference their responses to paragraphs 1 through 203 above.

205.    There is no allegation of fact in paragraph 205 of the Complaint which would require a response, and Defendant GCL respectfully refers all questions of law to the Court.

206.    Defendant GCL denies the allegations contained in paragraph 206 of the Complaint and respectfully refers all questions of law to the Court.

207.    Defendant GCL denies the allegations contained in paragraph 207 of the Complaint and respectfully refers all questions of law to the Court.

208.    Defendant GCL denies the allegations contained in paragraph 208 of the Complaint and respectfully refers all questions of law to the Court.

## AS TO THE TWENTIETH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT GCL GROUP)

209.    Reallege and incorporate by reference their responses to paragraphs 1 through 208 above.

210.    There is no allegation of fact in paragraph 210 of the Complaint which would require a response, and Defendant FMC respectfully refers all questions of law to

the Court.

211.    Defendant FMC denies the allegations contained in paragraph 211 of the
        Complaint, except admits that it has not paid and/or submitted any fringe benefit
        contributions and/or reports on behalf of Defendant GCL, and specifically avers
        that it is not an alter ego of Defendant GCL and/or a single employer with
        Defendant GCL and respectfully refers all questions of law to the Court.

212.    Defendant FMC denies the allegations contained in paragraph 212 of the
        Complaint and respectfully refers all questions of law to the Court.

213.    Defendant FMC denies the allegations contained in paragraph 213 of the
        Complaint, except admits that it has not paid and/or submitted any fringe benefit
        contributions and/or reports on behalf of Defendant GCL, and specifically avers
        that it is not an alter ego of Defendant GCL and/or a single employer with
        Defendant GCL and respectfully refers all questions of law to the Court.

### AS TO THE TWENTY-FIRST CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION
FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO
AND/OR SINGLE EMPLOYER DEFENDANT GCL GROUP)**

214.    Reallege and incorporate by reference their responses to paragraphs 1 through 213
        above.

215.    There is no allegation of fact in paragraph 215 of the Complaint which would
        require a response, and Defendant Aurash respectfully refers all questions of law to
        the Court.

216.    Defendant Aurash denies the allegations contained in paragraph 216 of the

Complaint, except admits that it has not paid and/or submitted any fringe benefit contributions and/or reports on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL and respectfully refers all questions of law to the Court.

217. Defendant Aurash denies the allegations contained in paragraph 217 of the Complaint and respectfully refers all questions of law to the Court.

218. Defendant Aurash denies the allegations contained in paragraph 218 of the Complaint, except admits that it has not paid and/or submitted any fringe benefit contributions and/or reports on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer with Defendant GCL and respectfully refers all questions of law to the Court.

## AS TO THE TWENTY-SECOND CLAIM FOR RELIEF

### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS ALTER EGO AND/OR SINGLE EMPLOYER F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, AND GCL GROUP TO PERMIT AN AUDIT OF THEIR BOOKS AND RECORDS)

219. Reallege and incorporate by reference their responses to paragraphs 1 through 219 above.

220. Deny the allegations contained in paragraph 220 of the Complaint and specifically aver that Defendants FMC, Aurash and GCL are not alter egos of one another and/or a single employer, and respectfully refer all questions of law to the Court.

221. Deny the allegations contained in paragraph 221 of the Complaint, and specifically aver that Defendants FMC, Aurash and GCL are not alter egos of one another

and/or a single employer, and respectfully refer all questions of law to the Court.

222.     Deny the allegations contained in paragraph 222 of the Complaint and specifically

aver that FMC, Aurash and GCL are not alter egos of one another and/or a single

employer, and respectfully refer all questions of law to the Court.

## AS TO THE TWENTY-THIRD CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT AURASH CONSTRUCTION)

223.     Reallege and incorporate by reference their responses to paragraphs 1 through 222

above.

224.    Defendant Aurash denies the allegations contained in paragraph 224 of the

Complaint.

225.     Defendant Aurash denies the allegations contained in paragraph 225 of the

Complaint.

226.     Defendant Aurash denies the allegations contained in paragraph 226 of the

Complaint.

227.     Defendant Aurash denies the allegations contained in paragraph 227 of the

Complaint.

228.    Defendant Aurash denies the allegations contained in paragraph 228 of the

Complaint.

## AS TO THE TWENTY-FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

31

229.    Reallege and incorporate by reference their responses to paragraphs 1 through 228 above.

230.    Defendant FMC denies the allegations contained in paragraph 230 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

231.    Defendant FMC denies the allegations contained in paragraph 231 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

232.    Defendant FMC denies the allegations contained in paragraph 232 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

233.    Defendant FMC denies the allegations contained in paragraph 233 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

## AS TO THE TWENTY-FIFTH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL GROUP FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)**

234.    Reallege and incorporate by reference their responses to paragraphs 1 through 233 above.

235.    Defendant GCL denies the allegations contained in paragraph 235 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

236.    Defendant GCL denies the allegations contained in paragraph 236 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

237.    Defendant GCL denies the allegations contained in paragraph 237 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

238.    Defendant GCL denies the allegations contained in paragraph 238 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

## AS TO THE TWENTY-SIXTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

239.    Reallege and incorporate by reference their responses to paragraphs 1 through 238

above.

240.    Defendant FMC denies the allegations contained in paragraph 240 of the
Complaint and specifically avers that any and all dues checkoffs contributions have
been paid in full.

241.    Defendant FMC denies the allegations contained in paragraph 241 of the
Complaint and specifically avers that any and all dues checkoffs contributions have
been paid in full.

242.    Defendant FMC denies the allegations contained in paragraph 242 of the
Complaint and specifically avers that any and all dues checkoffs contributions have
been paid in full.

243.    Defendant FMC denies the allegations contained in paragraph 243 of the
Complaint and specifically avers that any and all dues checkoffs contributions have
been paid in full.

244.    Defendant FMC denies the allegations contained in paragraph 244 of the
Complaint and specifically avers that any and all dues checkoffs contributions have
been paid in full.

### AS TO THE TWENTY-SEVENTH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION
FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS
DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER
DEFENDANT F.M.C. CONSTRUCTION)**

245.    Reallege and incorporate by reference their responses to paragraphs 1 through 244
above.

246.    Defendant Aurash denies the allegations contained in paragraph 246 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

247.    Defendant Aurash denies the allegations contained in paragraph 247 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

248.    Defendant Aurash denies the allegations contained in paragraph 248 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

249.    Defendant Aurash denies the allegations contained in paragraph 249 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

## AS TO THE TWENTY-EIGHTH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)**

250.    Reallege and incorporate by reference their responses to paragraphs 1 through 249 above.

251.    Defendant GCL denies the allegations contained in paragraph 251 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

252.    Defendant GCL denies the allegations contained in paragraph 252 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

253.    Defendant GCL denies the allegations contained in paragraph 253 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

254.    Defendant GCL denies the allegations contained in paragraph 254 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant FMC, and specifically avers that it is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

### AS TO THE TWENTY-NINTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT GCL GROUP)

255.    Reallege and incorporate by reference their responses to paragraphs 1 through 254 above.

256.    Defendant GCL denies the allegations contained in paragraph 256 of the

Complaint and specifically avers that any and all dues checkoffs contributions have been paid in full.

257.    Defendant GCL denies the allegations contained in paragraph 257 of the Complaint and specifically avers that any and all dues checkoffs contributions have been paid in full.

258.    Defendant GCL denies the allegations contained in paragraph 258 of the Complaint and specifically avers that any and all dues checkoffs contributions have been paid in full.

259.    Defendant GCL denies the allegations contained in paragraph 259 of the Complaint and specifically avers that any and all dues checkoffs contributions have been paid in full.

260.    Defendant GCL denies the allegations contained in paragraph 260 of the Complaint and specifically avers that any and all dues checkoffs contributions have been paid in full.

## AS TO THE THIRTIETH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM FOR AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL GROUP)**

261.    Reallege and incorporate by reference their responses to paragraphs 1 through 260 above.

262.    Defendant FMC denies the allegations contained in paragraph 262 of the Complaint, except admits that it has not remitted any dues checkoffs contributions

37

on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

263.    Defendant FMC denies the allegations contained in paragraph 263 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

264.    Defendant FMC denies the allegations contained in paragraph 264 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

265.    Defendant FMC denies the allegations contained in paragraph 265 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

## AS TO THE THIRTY-FIRST CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL GROUP)**

266.    Reallege and incorporate by reference their responses to paragraphs 1 through 265 above.

267.    Defendant Aurash denies the allegations contained in paragraph 267 of the Complaint, except admits that it has not remitted any dues checkoffs contributions

on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

268.   Defendant Aurash denies the allegations contained in paragraph 268 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

269.   Defendant Aurash denies the allegations contained in paragraph 269 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

270.   Defendant Aurash denies the allegations contained in paragraph 270 of the Complaint, except admits that it has not remitted any dues checkoffs contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

## AS TO THE THIRTY-SECOND CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT AURASH CONSTRUCTION)

271.   Reallege and incorporate by reference their responses to paragraphs 1 through 270 above.

272.   Defendant Aurash denies the allegations contained in paragraph 272 of the Complaint.

273.   Defendant Aurash denies the allegations contained in paragraph 273 of the

Complaint.

274.    Defendant Aurash denies the allegations contained in paragraph 274 of the

Complaint.

275.    Defendant Aurash denies the allegations contained in paragraph 275 of the

Complaint.

276.    Defendant Aurash denies the allegations contained in paragraph 276 of the

Complaint.

## AS TO THE THIRTY-THIRD CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FORM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)**

277.    Reallege and incorporate by reference their responses to paragraphs 1 through 276

above.

278.    Defendant FMC denies the allegations contained in paragraph 278 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant

Aurash and/or a single employer with Defendant Aurash.

279.    Defendant FMC denies the allegations contained in paragraph 279 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant

Aurash and/or a single employer with Defendant Aurash.

280.    Defendant FMC denies the allegations contained in paragraph 280 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

281.     Defendant FMC denies the allegations contained in paragraph 281 of the Complaint, except admits that it has not remitted any PAC contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

## AS TO THE THIRTY-FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL GROUP FOR BREACH OF CONTRACT FOR PAC CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT AURASH CONSTRUCTION)

282.     Reallege and incorporate by reference their responses to paragraphs 1 through 281 above.

283.     Defendant GCL denies the allegations contained in paragraph 283 of the Complaint, except admits that it has not remitted any PAC contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego and/or a single employer with Defendant Aurash.

284.     Defendant GCL denies the allegations contained in paragraph 284 of the Complaint, except admits that it has not remitted any PAC contributions on behalf of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

285.     Defendant GCL denies the allegations contained in paragraph 285 of the Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant

Aurash and/or a single employer with Defendant Aurash.

286.    Defendant GCL denies the allegations contained in paragraph 285 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant Aurash, and specifically avers that it is not an alter ego of Defendant

Aurash and/or a single employer with Defendant Aurash.

## AS TO THE THIRTY-FIFTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

287.    Reallege and incorporate by reference their responses to paragraphs 1 through 286

above.

288.    Defendant FMC denies the allegations contained in paragraph 288 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

289.    Defendant FMC denies the allegations contained in paragraph 289 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

290.    Defendant FMC denies the allegations contained in paragraph 290 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

291.    Defendant FMC denies the allegations contained in paragraph 291 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

292.    Defendant FMC denies the allegations contained in paragraph 292 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

## AS TO THE THIRTY-SIXTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION FOR BREACH OF CONTRACT FOR PAC CONTRIBUTIONS DUE FROM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

293.    Reallege and incorporate by reference their responses to paragraphs 1 through 292

above.

294.    Defendant Aurash denies the allegations contained in paragraph 294 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

295.    Defendant Aurash denies the allegations contained in paragraph 295 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

296.    Defendant Aurash denies the allegations contained in paragraph 296 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

297.    Defendant Aurash denies the allegations contained in paragraph 297 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

### AS TO THE THIRTY-SEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT GCL CONSTRUCTION FOR BREACH OF CONTRACT FOR PAC CONTRIBUTIONS DUE FORM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT F.M.C. CONSTRUCTION)

298.    Reallege and incorporate by reference their responses to paragraphs 1 through 297

above.

299.    Defendant GCL denies the allegations contained in paragraph 299 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

300.    Defendant GCL denies the allegations contained in paragraph 300 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

301.    Defendant GCL denies the allegations contained in paragraph 301 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

302.   Defendant GCL denies the allegations contained in paragraph 302 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant FMC, and specifically avers that it is not an alter ego of Defendant

FMC and/or a single employer or joint venture with Defendant FMC.

## AS TO THE THIRTY-EIGHTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT GCL GROUP)

303.   Reallege and incorporate by reference their responses to paragraphs 1 through 302

above.

304.   Defendant GCL denies the allegations contained in paragraph 304 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

305.   Defendant GCL denies the allegations contained in paragraph 305 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

306.   Defendant GCL denies the allegations contained in paragraph 306 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

307.   Defendant GCL denies the allegations contained in paragraph 307 of the

Complaint and specifically avers that any and all PAC contributions have been

paid in full.

308.   Defendant GCL denies the allegations contained in paragraph 308 of the

Complaint and specifically avers that any and all PAC contributions have been paid in full.

## AS TO THE THIRTY-NINTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT F.M.C. CONSTRUCTION FOR BREACH OF CONTRACT FOR DUES CHECKOFFS CONTRIBUTIONS DUE FORM ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER DEFENDANT GCL GROUP)

309.    Reallege and incorporate by reference their responses to paragraphs 1 through 308 above.

310.    Defendant FMC denies the allegations contained in paragraph 310 of the Complaint, except admits that it has not remitted any PAC contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

311.    Defendant FMC denies the allegations contained in paragraph 311 of the Complaint, except admits that it has not remitted any PAC contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

312.    Defendant FMC denies the allegations contained in paragraph 312 of the Complaint, except admits that it has not remitted any PAC contributions on behalf of Defendant GCL, and specifically avers that it is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

313.    Defendant FMC denies the allegations contained in paragraph 313 of the Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant GCL, and specifically avers that it is not an alter ego of Defendant

GCL and/or a single employer or joint venture with Defendant GCL.

## AS TO THE FORTIETH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM AGAINST DEFENDANT AURASH CONSTRUCTION
FOR BREACH OF CONTRACT FOR PAC CONTRIBUTIONS DUE FROM
ALTER EGO, JOINT VENTURE AND/OR SINGLE EMPLOYER
DEFENDANT GCL GROUP)**

314.    Reallege and incorporate by reference their responses to paragraphs 1 through 313

above.

315.    Defendant Aurash denies the allegations contained in paragraph 315 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant GCL, and specifically avers that it is not an alter ego of Defendant

GCL and/or a single employer or joint venture with Defendant GCL.

316.    Defendant Aurash denies the allegations contained in paragraph 316 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant GCL, and specifically avers that it is not an alter ego of Defendant

GCL and/or a single employer or joint venture with Defendant GCL.

317.    Defendant Aurash denies the allegations contained in paragraph 317 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant GCL, and specifically avers that it is not an alter ego of Defendant

GCL and/or a single employer or joint venture with Defendant GCL.

318.    Defendant Aurash denies the allegations contained in paragraph 318 of the

Complaint, except admits that it has not remitted any PAC contributions on behalf

of Defendant GCL, and specifically avers that it is not an alter ego of Defendant

GCL and/or a single employer or joint venture with Defendant GCL.

## AS TO THE FORTY-FIRST CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, AND GCL GROUP)

319.    Reallege and incorporate by reference their responses to paragraphs 1 through 318

above.

320.    Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in paragraph 320 of the Complaint, and respectfully

refer the Court to the 2005-2008 Independent Agreement for a plain reading of its

contents.

321.    Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in paragraph 321 of the Complaint.

322.    Deny the allegations contained in paragraph 320 of the Complaint, and

respectfully refer the Court to the 2005-2008 Independent Agreement for a plain

reading of its contents.

323.    Deny the allegations contained in paragraph 323 of the Complaint, except admit

that Defendants FMC, Aurash and GCL have not posted a bond.

324.    Deny the allegations contained in paragraph 324 of the Complaint, and

respectfully refer the Court to the 2005-2008 Independent Agreement for a plain

reading of its contents.

325.    Deny the allegations contained in paragraph 325 of the Complaint.

## AS TO THE FORTY-SECOND CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR COST OF AUDIT AGAINST DEFENDANT AURASH CONSTRUCTION)

326.    Reallege and incorporate by reference their responses to paragraphs 1 through 325 above.

327.    Defendant Aurash denies the allegations contained in paragraph 327 of the Complaint, and respectfully refers the Court to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement and the 2000-2003 Interior Demolition Agreement for a plain reading of their contents.

328.    Defendant Aurash denies the allegations contained in paragraph 328 of the Complaint.

329.    Defendant Aurash denies the allegations contained in paragraph 329 of the Complaint, and respectfully refers the Court to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2005-2008 Independent Agreement and the 2000-2003 Interior Demolition Agreement for a plain reading of their contents.

330.    Defendant Aurash denies the allegations contained in paragraph 330 of the Complaint.

331.    Defendant Aurash denies the allegations contained in paragraph 331 of the Complaint, and respectfully refers the Court to the 2001-2006 BCA Agreement,

the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement and the 2000-2003 Interior Demolition Agreement for a plain reading of their contents.

332.    Defendant Aurash denies the allegations contained in paragraph 332 of the Complaint.

## AS TO THE FORTY-THIRD CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR THE COST OF THE AURASH CONSTRUCTION AUDIT AGAINST DEFENDANT'S F.M.C. CONSTRUCTION AND GCL GROUP)

333.    Reallege and incorporate by reference their responses to paragraphs 1 through 332 above.

334.    Defendants FMC and GCL deny the allegations contained in paragraph 334 of the Complaint, and specifically aver that they are not alter egos of Defendant Aurash and/or a single employer with Defendant Aurash, and respectfully refer the Court to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement and the 2004-2009 Interior Demolition Agreement for a plain reading of their contents.

335.    Defendants FMC and GCL deny the allegations contained in paragraph 335 of the Complaint.

336.    Defendants FMC and GCL deny the allegations contained in paragraph 336 of the Complaint, and respectfully refer the Court to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2005-2008

Independent Agreement and the 2004-2009 Interior Demolition Agreement for a plain reading of their contents.

337.    Defendants FMC and GCL deny the allegations contained in paragraph 337 of the Complaint.

338.    Defendants FMC and GCL deny the allegations contained in paragraph 338 of the Complaint, and respectfully refer the Court to the 2001-2006 BCA Agreement, the 2006-2010 BCA Agreement, the 1999-2002 Independent Agreement, the 2000-2003 ECA Agreement, the 2003-2007 ECA Agreement, the 2005-2008 Independent Agreement and the 2004-2009 Interior Demolition Agreement for a plain reading of their contents.

339.    Defendants FMC and GCL deny the allegations contained in paragraph 339 of the Complaint.

## AS TO THE FORTY-FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT F.M.C. CONSTRUCTION)

340.    Reallege and incorporate by reference their responses to paragraphs 1 through 339 above.

341.    Defendant FMC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 341 of the Complaint, and respectfully refers the Court to the 2005-2008 Demolition Side Letter Agreement for a plain reading of its contents.

342.    Defendant FMC denies the allegations contained in paragraph 342 of the

Complaint.

343.    Defendant FMC denies the allegations contained in paragraph 343 of the
Complaint.

344.    Defendant FMC denies the allegations contained in paragraph 344 of the
Complaint, and respectfully refers the Court to the 2005-2008 Demolition Side
Letter Agreement for a plain reading of its contents.

345.    Defendant FMC denies the allegations contained in paragraph 345 of the
Complaint.

## AS TO THE FORTY-FIFTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR TIER WAGE RATE AND BENEFIT RATE ADJUSTMENTS PURSUANT TO THE F.M.C. CONSTRUCTION AUDIT AGAINST DEFENDANTS AURASH CONSTRUCTION GROUP AND GCL GROUP)

346.    Reallege and incorporate by reference their responses to paragraphs 1 through 345
above.

347.    Defendants Aurash and GCL deny the allegations contained in paragraph 347 of
the Complaint, and specifically aver that neither Aurash or GCL is an alter ego of
Defendant FMC and/or a single employer with Defendant FMC.

348.    Defendants Aurash and GCL deny the allegations contained in paragraph 348 of
the Complaint, and specifically aver that neither Aurash or GCL is an alter ego of
Defendant FMC and/or a single employer with Defendant FMC.

349.    Defendants Aurash and GCL deny the allegations contained in paragraph 349 of
the Complaint, and specifically aver that neither Aurash or GCL is an alter ego of

Defendant FMC and/or a single employer with Defendant FMC.

350.    Defendants Aurash and GCL deny the allegations contained in paragraph 350 of the Complaint, and specifically aver that neither Aurash or GCL is an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

351.    Defendants Aurash and GCL deny the allegations contained in paragraph 351 of the Complaint, and specifically aver that neither Aurash or GCL is an alter ego of Defendant FMC and/or a single employer with Defendant FMC.

### AS TO THE FORTY-SIXTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT AURASH CONSTRUCTION)

352.    Reallege and incorporate by reference their responses to paragraphs 1 through 351 above.

353.    Defendant Aurash denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 353 of the Complaint, and respectfully refers the Court to the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement for a plain reading of their contents.

354.    Defendant Aurash denies the allegations contained in paragraph 354 of the Complaint.

355.    Defendant Aurash denies the allegations contained in paragraph 355 of the Complaint.

356.    Defendant Aurash denies the allegations contained in paragraph 356 of the

Complaint, and respectfully refers the Court to the 2000-2003 Interior Demolition Agreement and the 2005-2008 Demolition Side Letter Agreement for a plain reading of their contents.

357.    Defendant Aurash denies the allegations contained in paragraph 357 of the Complaint.

## AS TO THE FORTY-SEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR THEIR WAGE RATE AND BENEFIT RATE ADJUSTMENTS PURSUANT TO THE AURASH CONSTRUCTION AUDIT AGAINST DEFENDANTS F.M.C. CONSTRUCTION AND GCL GROUP)

358.    Reallege and incorporate by reference their responses to paragraphs 1 through 357 above.

359.    Defendants FMC and GCL deny the allegations contained in paragraph 359 of the Complaint, and specifically aver that neither FMC or GCL is an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

360.    Defendants FMC and GCL deny the allegations contained in paragraph 360 of the Complaint, and specifically aver that neither FMC or GCL is an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

361.    Defendants FMC and GCL deny the allegations contained in paragraph 361 of the Complaint, and specifically aver that neither FMC or GCL is an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

362.    Defendants FMC and GCL deny the allegations contained in paragraph 362 of the Complaint, and specifically aver that neither FMC or GCL is an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

363.    Defendants FMC and GCL deny the allegations contained in paragraph 363 of the Complaint, and specifically aver that neither FMC or GCL is an alter ego of Defendant Aurash and/or a single employer with Defendant Aurash.

## AS TO THE FORTY-EIGHTH CLAIM FOR RELIEF

## (PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS F.M.C. CONSTRUCTION, AURASH CONSTRUCTION, AND GCL GROUP)

364.    Reallege and incorporate by reference their responses to paragraphs 1 through 363 above.

365.    Deny the allegations contained in paragraph 365 of the Complaint, and specifically aver that FMC, Aurash and GCL are not alter egos of one another and/or a single employer, and respectfully refers the Court to the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement, and the 2000-2003 Interior Demolition Agreement for a plain reading of their contents.

366.    Deny the allegations contained in paragraph 366 of the Complaint, and specifically aver that Defendants FMC, Aurash and GCL are not alter egos of one another and/or a single employer.

367.    Deny the allegations contained in paragraph 367 of the Complaint, and refer the Court to the 1999-2002 Independent Agreement, the 2005-2008 Independent Agreement and the 2000-2003 Interior Demolition Agreement for a plain reading of their contents.

368.    Deny the allegations contained in paragraph 368 of the Complaint, and specifically aver that Defendants FMC, Aurash and GCL are not alter egos of one another

and/or a single employer.

369.    Deny the allegations contained in paragraph 369 of the Complaint, and specifically

aver that Defendants FMC, Aurash and GCL are not alter egos of one another

and/or a single employer.

370.    Deny the allegations contained in paragraph 370 of the Complaint, and specifically

aver that Defendants FMC, Aurash and GCL are not alter egos of one another

and/or a single employer.

## AS TO THE FORTY-NINTH CLAIM FOR RELIEF

**(PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA
AGAINST DEFENDANTS ALTER EGO AND/OR SINGLE EMPLOYER F.M.C.
CONSTRUCTION, AURASH CONSTRUCTION, AND GCL GROUP)**

371.    Reallege and incorporate by reference their responses to paragraphs 1 through 370

above.

372.    Deny the allegations contained in paragraph 372 of the Complaint, and specifically

aver that Defendants FMC, Aurash and GCL are not alter egos of one another

and/or a single employer, and Defendants respectfully refer all questions of law to

the Court, and refer the Court to the 2001-2006 BCA Agreement, the 2006-2010

BCA Agreement, the 1999-2002 Independent Agreement, the 2003-2007 ECA

Agreement, the 2000-2003 Interior Demolition Agreement, the 2004-2009 Interior

Demolition Agreement, the 2005-2008 Interior Demolition Side Letter Agreement,

the 1999-2005 ABMC Agreement, and the 2005-2008 ABMC Agreement for a

plain reading of their contents.

373.    Deny the allegations contained in paragraph 369 of the Complaint, and specifically

56

aver that Defendants FMC, Aurash and GCL are not alter egos of one another and/or a single employer, and Defendants respectfully refer all questions of law to the Court.

374.    Deny the allegations contained in paragraph 369 of the Complaint, and specifically aver that Defendants FMC, Aurash and GCL are not alter egos of one another and/or a single employer, and Defendants respectfully refer all questions of law to the Court.

375.    Deny the allegations contained in paragraph 369 of the Complaint, and specifically aver that Defendants FMC, Aurash and GCL are not alter egos of one another and/or a single employer, and Defendants respectfully refer all questions of law to the Court.

376.    Deny the allegations contained in paragraph 369 of the Complaint, and specifically aver that Defendants FMC, Aurash and GCL are not alter egos of one another and/or a single employer, and Defendants respectfully refer all questions of law to the Court.

Deny that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" Section of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of production or proof that they would not otherwise have:

1.    Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

2.   Defendant FMC is not an alter ego of Defendant Aurash and/or a single employer or joint venture with Defendant Aurash.

3.   Defendant FMC is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

4.   Defendant Aurash is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

5.   Defendant Aurash is not an alter ego of Defendant GCL and/or a single employer or joint venture with Defendant GCL.

6.   Defendant GCL is not an alter ego of Defendant FMC and/or a single employer or joint venture with Defendant FMC.

7.   Defendant GCL is not an alter ego of Defendant Aurash and/or a single employer or joint venture with Defendants FMC.

8.   All amounts due to Plaintiffs on behalf of Defendants FMC and GCL have already been paid in full by Defendants FMC and GCL and Defendants FMC and GCL have complied in full with any and all statutory and contractual obligations arising under the collective bargaining agreements, the Declarations of Trusts and/or ERISA, thereby creating an accord and satisfaction.

9.   The audits conducted by Plaintiffs' auditors are incorrect in that they claim that contributions are owed for employees who were not employed by Defendants and/or make claims for employees who did not work in covered employment as that term is defined by the applicable CBA and/or do not accurately reflect the actual hours worked by said employees.

10.     Plaintiffs have demanded contributions that are not properly due and owing to

Plaintiffs.

11.     Plaintiffs' claims are barred by the applicable statute of limitations and doctrines of

laches, waiver, and equitable and legal estoppel.

12.     Plaintiffs' claims are barred, in while or in part, by the lack of agreement between

the parties.

**WHEREFORE**, Defendants FMC, Aurash and GCL respectfully request the

following:

1.     That the Court dismiss the Complaint in these proceedings, with prejudice;

2.     That the Court grant Defendants their fees and expenses, including

reasonable attorneys' fees; and

3.     That the Court grant such other and further relief as the Court deems just

and proper.

Dated: New York, New York
       July 16, 2008

Yours, etc.

DEALY & SILBERSTEIN, LLP

By:_____

Milo Silberstein (MS 4637)
*Attorneys for Defendants F.M.C.*
*Construction, LLC, Aurash*
*Construction Corp. and GCL Group*
*Inc.*
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066

TO:     Michael J. Vollbrecht, Esq.
        Gorlick, Kravitz &Listhaus, P.C
        *Attorneys for Plaintiffs*
        17 State Street, 4th Floor
        New York, New York 10004